Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 14th Floor
San Francisco, CA 94104
Tel:  (415) 434-8900
Fax:  (415) 434-9200
Email:  jmalioto@aliotolaw.com


Ronald D. Foreman, Esq. (SBN 61148)
Ian. A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Telephone:  (415) 433-3475
Facsimile:  (415) 781-8030
Email:  foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiffs Pam Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAM FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY,<br><br>     Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>     Defendants. | Case No. 4:26-cv-03790-AMO<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO SERVE LIMITED EXPEDITED DISCOVERY BEFORE RULE 26(f) CONFERENCE**<br><br>Judge: Hon. Araceli Martínez-Olguín |

# I. INTRODUCTION

Plaintiffs bring this administrative motion under Civil Local Rule 7-11 for a narrow case-management order. Plaintiffs ask the Court to authorize service of one limited request for production before the Rule 26(f) conference and to require Defendants to produce, within seven days, the HSR filing materials submitted to the government in connection with Paramount Skydance Corporation's proposed acquisition of Warner Bros. Discovery, subject to appropriate confidentiality protections.

Civil Local Rule 7-11 is the proper procedural vehicle for this request because Plaintiffs seek administrative relief regarding the timing and sequencing of limited discovery, not an order compelling compliance with a request that has already been served. The substantive authority is Federal Rules of Civil Procedure 1 and 26(d)(1). Rule 1 requires the Rules to be employed to secure the just, speedy, and inexpensive determination of every action. Rule 26(d)(1) permits discovery before the Rule 26(f) conference when authorized by court order. Plaintiffs seek that order here.

The requested materials are necessary now because Plaintiffs' motion for preliminary injunction is pending and the transaction is time-sensitive. Public reports indicate that the transaction may close as soon as July 2026, with one report identifying July 15, 2026, as an internal target date, while Defendants have only confirmed that the transaction will not close before July 2. Plaintiffs seek only the HSR filing materials for the challenged transaction: the HSR notification and report form and the documents submitted with or as part of Defendants' HSR filing, including Item 4(c) and Item 4(d) documents. These materials are transaction-specific antitrust materials that Defendants already prepared, collected, reviewed, and submitted to the government in connection with the challenged acquisition. They address relevant markets, competitive effects, concentration, and claimed efficiencies.

Good cause exists because Plaintiffs need limited transaction-specific discovery for the pending preliminary injunction motion, and Defendants have made clear that they will not provide it absent Court intervention. Defendants have refused to proceed with a timely Rule

26(f) conference, stated they intend to move the case management conference to September, announced they will seek to avoid responding to discovery until after their motion to dismiss is decided, and expressly refused to produce the HSR materials. Defendants wrote: "Finally, we will not agree to produce any HSR materials at this time. This is consistent with our position that Plaintiffs should not be allowed to get discovery based on their insufficient pleading. The HSR materials are no exception." That position would allow Defendants to delay the conference that opens discovery and then rely on that delay to block the limited discovery needed for preliminary relief.

Plaintiffs do not seek general expedited discovery. Plaintiffs do not seek depositions, interrogatories, requests for admission, custodial email searches, post-filing correspondence with any governmental authority, Second Request responses, or broader governmental merger-review materials. Plaintiffs seek only the HSR notification and report form and the documents submitted with or as part of Defendants' HSR filing, including Item 4(c) and Item 4(d) documents.

## II. BACKGROUND

Plaintiffs challenge the proposed Paramount Skydance/Warner Bros. Discovery transaction under Sections 7 and 16 of the Clayton Act. Plaintiffs allege the transaction may substantially lessen competition in premium video distribution, national television news, and theatrical film production. Plaintiffs moved for preliminary injunctive relief to preserve the status quo before closing and integration.

Plaintiffs repeatedly requested dates for the Rule 26(f) conference and asked Defendants to confirm their position on production of HSR materials. Defendants refused to proceed with a timely conference, stated Plaintiffs have no entitlement to discovery before resolution of Defendants' motion to dismiss, and refused to produce the specific HSR materials Plaintiffs seek here.

## III. ARGUMENT

### A. Rules 1 and 26(d)(1) Authorize the Requested Administrative Relief.

Rule 1 states that the Federal Rules of Civil Procedure must be construed, administered,

and employed to secure the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1. Rule 26(d)(1) provides the mechanism for the requested relief: discovery before the Rule 26(f) conference may proceed when authorized by court order. Plaintiffs request that the order be entered pursuant to Civil Local Rule 7-11, which sets forth the procedure for administrative relief.

The requested order serves the purposes outlined in Rule 1. It is "just" because it permits the preliminary injunction motion to be decided on a meaningful record. It is "speedy" because it prevents Defendants from pushing necessary discovery into September. It is "inexpensive" because it authorizes a single targeted request for materials that Defendants have already prepared or collected for merger review.

**B. The Good-Cause Factors Support Limited Expedited Discovery.**

Pre-Rule 26(f) discovery is available on a showing of good cause. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 U.S. Dist. LEXIS 53233, at *4 (N.D. Cal. May 18, 2011). In evaluating good cause, the relevant considerations include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

Each factor supports Plaintiffs' request. First, a motion for a preliminary injunction is pending. Plaintiffs seek to preserve the status quo before Defendants consummate the challenged transaction. The requested discovery is needed now because the Court will be asked to decide preliminary relief on an expedited schedule.

Second, the request is narrow. Plaintiffs do not seek broad custodial searches, all emails, depositions, interrogatories, requests for admission, post-filing correspondence with any governmental authority, Second Request responses, or general merits discovery. Plaintiffs seek only the HSR notification and report form and the documents submitted with or as part of

Defendants' HSR filing, including Item 4(c) and Item 4(d) documents, for the challenged transaction.

Third, the purpose of the request is directly tied to the preliminary injunction motion. Plaintiffs challenge the proposed transaction under Section 7 of the Clayton Act, and the motion for preliminary injunction will require consideration of market definition, competitive effects, concentration, and claimed efficiencies. The HSR filing materials are probative of those issues because they are the transaction-specific antitrust materials Defendants submitted to the government in connection with the challenged acquisition.

Fourth, the burden is minimal. These materials already exist in organized form because they were prepared, collected, reviewed, and submitted to the government as part of Defendants' HSR filing. Plaintiffs are not asking Defendants to begin a new document collection from scratch. Any confidentiality concerns can be addressed through the Court's model protective order or interim confidentiality restrictions.

Fifth, the request is not premature in any practical sense. Plaintiffs have repeatedly attempted to advance the Rule 26(f) process. At the same time, Defendants have stated that they intend to delay the case management conference to September and avoid responding to discovery until after their motion to dismiss is decided. Plaintiffs seek only limited transaction-specific discovery needed for the pending preliminary injunction motion. Under Rule 1, the Rules should not be administered in a way that allows Defendants to delay the conference that opens discovery and then rely on that delay to block discovery needed for preliminary relief.

**C. Defendants' Express Refusal Makes Court Intervention Necessary.**

Court intervention is necessary because Defendants have already refused to produce the exact materials at issue. Their refusal was not based on burden, privilege, confidentiality, or lack of relevance. Defendants refused, contending that Plaintiffs should receive no discovery while Defendants' motion to dismiss is pending. No discovery stay has been entered, and a motion to dismiss does not automatically stay discovery. Without relief, Defendants will control the factual record for the preliminary injunction hearing while withholding the most probative transaction-

**ADMINISTRATIVE MOTION**                                     **CASE NO. 4:26-cv-03790-AMO**

specific materials. Accordingly, the Court should authorize the narrow request outlined in Exhibit A and require production within seven days.

### IV. CONCLUSION

Plaintiffs respectfully request that the Court grant this administrative motion and enter the proposed order authorizing Plaintiffs to serve the limited request for production attached as Exhibit A and requiring Defendants to produce responsive HSR filing materials within seven days of service, subject to appropriate confidentiality protections.

DATED: June 2, 2026                    ALIOTO LAW FIRM


                                        /s/ Joseph M. Alioto
                                       Joseph M. Alioto, Esq.
                                       Tatiana V. Wallace, Esq.
                                       Attorneys for Plaintiffs



                                       FOREMAN & BRASSO


                                        /s/ Ian A. Hansen
                                       Ronald D. Foreman, Esq.
                                       Ian. A. Hansen, Esq.
                                       Attorneys for Plaintiffs