Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L St NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matthew.huppert@winstontaylor.com

*Attorneys for Defendants Paramount Skydance Corporation and Skydance Media, LLC*

*Additional counsel on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PAMELA FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>Defendants. | Case No. 4:26-cv-03790-AMO<br><br>**DEFENDANTS PARAMOUNT SKYDANCE CORPORATION AND SKYDANCE MEDIA, LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO SERVE LIMITED EXPEDITED DISCOVERY BEFORE RULE 26(F) CONFERENCE**<br><br>Judge:          Hon. Araceli Martínez-Olguín |

**INTRODUCTION**

Plaintiffs' motion is a request for expedited discovery masquerading as a routine administrative matter. For months, the Paramount–Warner Bros. Discovery merger has been the subject of extensive public disclosure, including SEC filings and media statements, that was all readily available to Plaintiffs. Instead of moving swiftly to marshal that evidence, Plaintiffs have failed at every stage to display the diligence one would expect of a party seeking to block a multi-billion-dollar merger. They waited until April 30, 2026, more than two months after the merger was announced, to file a barebones complaint, which they waited three weeks to serve, only then to file a motion for preliminary injunction supported by no evidence. Now, nearly two more weeks later, they claim urgency and ask this Court to rescue them from their own failures. There is no good cause for expedited discovery in these circumstances, which is reason alone to deny Plaintiffs' motion.

Plaintiffs' discovery motion also independently fails because it does not comply with the Court's rules in several respects. It purports to proceed under a rule that does not apply and fails to comply with the meet-and-confer requirements that do. Although the Court's rules require good-faith conferral before filing a discovery motion, *see* N.D. Cal. Civil L.R. 37-1(a); Standing Order for Civil Cases Before Judge Araceli Martínez-Olguín § I(2) (N.D. Cal. Nov. 14, 2025) ("Standing Order"), Plaintiffs never did so. Plaintiffs raised Hart-Scott-Rodino Act ("HSR") materials for the first and only time in two sentences of an email on May 22, 2026. Parsigian Decl. ¶ 19. Six days after the parties' last communication, and without any notice to Defendants, Plaintiffs filed the pending "Administrative Motion," Dkt. No. 30. *See* Parsigian Decl. ¶ 13.

The Court should deny Plaintiffs' motion because it is procedurally improper in multiple respects, it lacks good cause, and denying the motion would promote judicial economy.

**ARGUMENT**

**A.      The Motion Is Procedurally Improper**

**1.      Civil Local Rule 7-11 Does Not Apply to Discovery Disputes**

Plaintiffs filed their motion under Civil Local Rule 7-11, but that rule is plainly inapplicable because it applies only to "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." N.D. Cal. Civil L.R. 7-11.

1

Plaintiffs' Motion concedes that the Federal Rules of Civil Procedure govern the relief it seeks. *See* Mot. 2 (identifying "substantive authority" for motion as "Federal Rules of Civil Procedure 1 and 26(d)(1)"). Because the Federal Rules concededly govern their Motion, Plaintiffs' reliance on Local Rule 7-11 is "procedurally improper." *Brown v. Google LLC*, 2022 WL 20286307, at *1 (N.D. Cal. Sept. 26, 2022); *see also id.* (denying administrative motion because "the relief Plaintiffs seek *is* governed by a Federal Rule"); *Gagetta v. Walmart, Inc.*, 2024 WL 1559724, at *1 (N.D. Cal. Mar. 1, 2024) (Martínez-Olguín, J.) ("Plaintiffs' failure to properly present their motion to the Court is by itself grounds for denial."). For this reason, "a request for expedited discovery may not be filed as an administrative motion" under Local Rule 7-11. *Wilens v. Automattic Inc.*, 2014 WL 3530782, at *2 (N.D. Cal. July 16, 2014).

### 2. Plaintiffs' Motion Seeks to Compel Discovery But Does Not Comply With Local Rules Applicable to Discovery Motions

Plaintiffs' motion seeks discovery but fails to comply with the Court's discovery procedures. Although Plaintiffs characterize their motion as one "for a narrow case-management order," Mot. 2, it seeks "expedited discovery" and asks the Court to "requir[e] Defendants to produce" documents "within seven days," *id*. 4, 6. In short, it is a quintessential discovery motion. However, Plaintiffs' discovery motion fails to comply with applicable meet-and-confer requirements for discovery disputes. *See* Fed. R. Civ. P. 37(a)(1); N.D. Cal. Civ. L.R. 37-1(a); Standing Order § I(2). The Court's Standing Order is particularly robust on this point, providing that a "meet and confer" must be conducted "by lead trial counsel," and "[a] mere exchange of letters, emails, [or] telephone calls" is insufficient. Standing Order § I(2). It also requires the parties to a disputed discovery motion to "prepare a joint statement" about "the nature and status of the dispute and attesting to their good faith meet and confer efforts." *Id*. For good reason, "the Court expects strict compliance with" these requirements. *Gagetta*, 2024 WL 1559724 at *1.

Plaintiffs, however, satisfied none of these requirements before filing their motion, *see* Parsigian Decl. ¶¶ 12–13, and that failure alone warrants denial. This Court's requirements for meeting and conferring before filing motions are not a mere formality, and failure to abide by them is an independent ground to deny a motion. *See, e.g.*, *Navarro v. Apartment Mgmt. Consultants, LLC*, 729 F. Supp. 3d 961, 963 (N.D. Cal. 2024) (Martínez-Olguín, J.) (denying fees motion for failure to comply with meet-and-confer requirement); *Haddix v. Burris*, 2014 WL 6983287, at *2 (N.D. Cal. Dec. 9, 2014) (similar denial

2

of "motion to compel . . . because plaintiff failed to engage in a good faith effort to meet and confer"). This Court would act "well within [its] discretion" to do so in response to Plaintiffs' failures here. *Tri-Valley Cares v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012).

### B.    There Is No Good Cause for Expedited Discovery

"The party seeking expedited discovery . . . has the burden of showing good cause for the requested departure from usual discovery procedures." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Rather, the Court examines such a request "on the entirety of the record to date" and based on "all the surrounding circumstance," *id*. at 1067, and "[a]ny discovery sought for a preliminary injunction must be evaluated against the purpose of a preliminary injunction, i.e., to preserve the status quo." *Assuredpartners of Nev., LLC v. L/P Ins. Servs., LLC*, 2021 WL 4928458, at *2 (D. Nev. Oct. 21, 2021). Thus, a party seeking expedited discovery to obtain a preliminary injunction must "clearly show[] that the information it seeks is needed on an expedited basis to obtain a preliminary injunction." *Rovio*, 907 F. Supp. 2d at 1099–1100. Information that merely "goes to the merits of plaintiff's claims in this action" does not meet this standard. *Am. LegalNet*, 673 F. Supp. 2d at 1069.

### 1.    Plaintiffs' Failure to Develop Evidence to Support Their Case Is Not Good Cause for Expedited Discovery

Plaintiffs' claimed need for expedited discovery is of their own making. Their lack of diligence and choice to file a preliminary injunction motion supported by no evidence, despite evidence about the merger being available to them, are failures by Plaintiffs, not "good cause" to order expedited discovery. Although evidence about the merger would not warrant an injunction in any event, where a party has evidence available to it without expedited discovery (*e.g.*, shareholder presentations, contracts, media statements, etc.) but has still done nothing to try to support its allegations, expedited discovery is not warranted. *See id.* at 1070–71 (denying expedited discovery where party "provided absolutely no evidence supporting its allegations"); *Kafeel v. Apple Inc.*, 2026 WL 710048, at *1 (N.D. Cal. Mar. 4, 2026) (same where party "has not explained why [available] information is insufficient").

Moreover, Plaintiffs do not satisfy their burden to "clearly show[]" that Paramount's HSR

3

submission "is needed . . . to obtain a preliminary injunction." *Rovio*, 907 F. Supp. 2d at 1099–1100. They speculate that such materials "address relevant markets, competitive effects, concentration, and claimed efficiencies," Mot. 2, but that just shows Plaintiffs want this discovery to amend their deficient Complaint, not "to preserve the status quo." *Assuredpartners*, 2021 WL 4928458, at *2; *see Am. LegalNet*, 673 F. Supp. 2d at 1069 (denying request for expedited discovery of evidence that "goes to the merits"). If Plaintiffs were truly concerned about the Merger closing as soon as the third quarter of 2026—a timeline publicly announced in February 2026, *see* Parsigian Decl. ¶ 16—they could have filed suit earlier, served the Complaint promptly, and then immediately sought expedited discovery. Instead, they sat on their hands, waiting until late April to sue, and then waiting until June to seek discovery. *See id.* ¶¶ 2, 22. Plaintiffs' lack of diligence does not entitle them to the remedy of expedited discovery.

### 2.    Denying Expedited Discovery Would Serve Judicial Economy

Denying Plaintiffs' motion would also promote judicial economy for two primary reasons. *First*, Defendants have strong arguments to dismiss the entire case for reasons that do not require any discovery. Defendants' pending Motion to Dismiss demonstrates that Plaintiffs lack standing, fail to allege facts establishing a plausible relevant market, and fail to allege facts plausibly showing that either challenged merger is likely to substantially lessen competition. *See* Dkt. 36. Because Defendants' Motion to Dismiss is meritorious and likely to dispose of the entire case, rendering any discovery moot, the Court should rule on that motion before permitting any discovery. *See, e.g.*, *Garcia v. TDBBS, LLC*, 2025 WL 1755648, at *2 (N.D. Cal. June 25, 2025) (Martínez-Olguín, J.) (staying discovery pending motion to dismiss because "both party and judicial resources will be most efficiently used").

*Second*, the relief Plaintiffs seek is unlikely to redress their purported concern and would instead cause needless burden and delay. Because of Plaintiffs' inexplicable delay in seeking expedited discovery, if the Court granted their motion at this point, Plaintiffs would receive discovery no sooner than June 16, 2026, only one day before their reply brief on the preliminary injunction motion is due. The Court should not permit "new evidence submitted on a reply brief." *Citcon USA, LLC v. RiverPay, Inc.*, 2019 WL 2603219, at *3 (N.D. Cal. June 25, 2019). But even if Plaintiffs were permitted to do so, fairness would require that Defendants have an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (considering new evidence in a reply brief requires affording other side "an opportunity to

4

respond"). Thus, even if Plaintiffs could marshal evidence in Paramount's HSR submission over the course of 24 hours, permitting Plaintiffs to do so would only burden the Court with additional briefing and delay resolution of the pending motions.

These facts highlight that, as a practical matter, Plaintiffs seek expedited discovery to try to cure the many deficiencies in their Complaint, not because it is "needed . . . to obtain a preliminary injunction." *Rovio*, 907 F. Supp. 2d at 1099–1100. But "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014).

**C.      Production of Confidential Documents Should Not Occur Before Negotiation and Entry of a Protective Order**

The HSR filing materials Plaintiffs seek contain 9,348 pages of highly confidential information that should be produced, if at all, only under an appropriate protective order. Parsigian Decl. ¶ 23. HSR submissions like the ones Plaintiffs seek contain competitively sensitive business information, along with personal identifying information of Paramount employees. *Id.* Although the Government is entrusted to review such submissions under strict confidentiality protections to help it determine whether to investigate a merger in the first place, *see* 15 U.S.C. § 18a(h), such documents are not usually available to any individual who decides to challenge a merger but lacks the information to do so. The documents Plaintiffs seek also include sensitive personal financial information about Paramount's owners that are irrelevant to Plaintiffs' allegations. *See* Parsigian Decl. ¶ 23. Plaintiffs do not attempt to show good cause to order production of such personal financial information.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Administrative Motion for Leave to Serve Limited Expedited Discovery Before Rule 26(f) Conference.

5

Dated:  June 8, 2026

Respectfully submitted,

**WINSTON TAYLOR LLP**

By: _/s/ Jeffrey L. Kessler_
    Jeffrey L. Kessler (*pro hac vice*)
    **WINSTON TAYLOR LLP**
    200 Park Avenue
    New York, NY 10166-4193
    Telephone: (212) 294-4698
    Facsimile: (212) 294-4700
    jeffrey.kessler@winstontaylor.com

    Jeanifer E. Parsigian (SBN 289001)
    Matthew R. DalSanto (SBN 282458)
    **WINSTON TAYLOR LLP**
    101 California Street, 21st Floor
    San Francisco, CA 94111-5891
    Telephone: (415) 591-1469
    Facsimile: (415) 591-1400
    jeanifer.parsigian@winstontaylor.com
    matthew.dalsanto@winstontaylor.com

    Conor A. Reidy (*pro hac vice*)
    Kevin B. Goldstein (*pro hac vice*)
    **WINSTON TAYLOR LLP**
    300 N. LaSalle Drive
    Chicago, IL 60654-3406
    Telephone: (312) 558-7542
    Facsimile: (312) 558-5700
    conor.reidy@winstontaylor.com
    kevin.goldstein@winstontaylor.com

    Matthew R. Huppert (*pro hac vice*)
    **WINSTON TAYLOR LLP**
    1901 L St NW
    Washington, DC 20036-3506
    Telephone: (202) 282-5004
    Facsimile: (202) 282-5100
    matthew.huppert@winstontaylor.com

6

Natalie Kaliss (SBN 353838)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
natalie.kaliss@lw.com

Marguerite Sullivan (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com

Shayan Ahmad (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
shayan.ahmad@lw.com

*Attorneys for Defendants Paramount Skydance
Corporation and Skydance Media, LLC*

7