Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 14th Floor
San Francisco, CA 94104
Tel:  (415) 434-8900
Fax:  (415) 434-9200
Email:  jmalioto@aliotolaw.com


Ronald D. Foreman, Esq. (SBN 61148)
Ian. A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Telephone:  (415) 433-3475
Facsimile:  (415) 781-8030
Email:  foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiffs Pam Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAM FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>　　　　Defendants. | Case No. 4:26-cv-03790-AMO<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR LIMITED LEAVE TO SERVE EXPEDITED DISCOVERY BEFORE RULE 26(f) CONFERENCE** |

### I. INTRODUCTION

Plaintiffs filed a narrow scheduling motion. Defendants try to recharacterize it as a discovery dispute. Plaintiffs seek only leave under Rule 26(d) to serve limited discovery for HSR materials that Defendants have already collected, categorized, and submitted to the government,

**REPLY ISO PLS' MO FOR ADMINISTRATIVE RELIEF**　　　　　**CASE NO. 4:26-cv-03790-AMO**

1

because discovery cannot otherwise begin before the Rule 26(f) conference. Rule 1 directs the Federal Rules to be construed, administered, and employed to secure the just, speedy, and inexpensive determination of every action, which supports practical scheduling relief in this time-sensitive acquisition case.

The timing matters. Public reporting indicates that the acquisition is expected to close in mid-July 2026, and Defendants have only assured Plaintiffs that it will not close before the July 16 hearing. Plaintiffs requested a Rule 26(f) conference on May 19, 2026, to address discovery timing, confidentiality, scope, and a protective order. Defendants refused and now seek to move the initial case management conference to late August, arguing that Plaintiffs have not submitted sufficient evidence.

Defendants should not be permitted to refuse the process that would allow discovery to begin and then rely on the absence of discovery procedures to oppose a finite request for already-collected materials. Plaintiffs respectfully request leave to serve limited discovery now or, at a minimum, an immediate meet-and-confer regarding production under a protective order on a schedule set by the Court.

**II. ARGUMENT**

**A. The Request Should Be Resolved on Practical Case-Management Grounds**

Defendants ask the Court to deny discovery based on procedural objections. Plaintiffs do not seek to avoid the Court's discovery procedures. Plaintiffs seek a narrow order because the timing of the transaction and the pending preliminary injunction motion render ordinary discovery timing inadequate. To the extent the Court believes a different procedural vehicle, joint statement, or further meet-and-confer process is required, Plaintiffs are prepared to confer immediately and proceed under whatever procedure the Court directs. However, the timing issue

**REPLY ISO PLS' MO FOR ADMINISTRATIVE RELIEF**                    **CASE NO. 4:26-cv-03790-AMO**

should be resolved on practical case-management grounds, not by elevating form over the need for a fair record on the pending preliminary-injunction motion.

## B. Good Cause Exists for Limited Expedited Discovery

Good cause exists because the requested discovery is narrow and directly tied to the preliminary-injunction issues before the Court. Plaintiffs seek HSR materials submitted in connection with this transaction. Those materials should contain Defendants' own analysis of the transaction's rationale, competitive overlaps, market structure, market shares, efficiencies, and anticipated competitive effects. Defendants argue that Plaintiffs lack evidence on those same subjects. Plaintiffs should not be faulted for lacking internal market and competitive-overlap materials that are in Defendants' possession and were already assembled for submission to the antitrust agencies. Limited production of those materials would allow the Court to assess the preliminary-injunction motion on a more complete record.

## C. Public Filings Are Not a Substitute for HSR Materials

Defendants contend that Plaintiffs could have relied on public filings and press statements. Those materials are not a substitute for the requested HSR materials. Public disclosures describe the transaction at a high level. HSR materials are different. They should include internal analyses and transaction documents showing how Defendants themselves evaluated the competitive significance of the acquisition. That distinction matters. Defendants' public-facing statements may describe claimed benefits, timing, and transaction structure. The HSR materials are more likely to address the competitive overlaps, market effects, efficiencies, and strategic rationale that bear directly on Plaintiffs' request to preserve the status quo before closing and integration.

## D. Plaintiffs Do Not Seek Discovery to Cure Pleading Defects

Defendants characterize the request as an attempt to cure pleading defects. That is wrong. The requested discovery addresses the questions of whether the transaction may substantially lessen competition, whether Defendants' claimed efficiencies are verifiable and consumer-facing, whether post-closing integration would alter the status quo, and whether preliminary relief is necessary before closing and integration occur. Defendants raised those issues in their opposition to the preliminary injunction motion, so they are proper subjects for reply evidence and limited, expedited discovery.

**E. Confidentiality Concerns Support a Protective Order, Not Denial of Discovery**

Plaintiffs do not dispute that HSR materials may contain confidential business information. However, Defendants' confidentiality argument supports entry of a protective order, not denial of discovery. Those concerns can be addressed through ordinary protective order procedures, including attorneys' eyes-only treatment, redaction of personal identifying information, and a rolling production. To the extent Defendants contend confidentiality issues must be addressed first, those issues can be resolved through the Rule 26(f) process or an expedited meet-and-confer on protective-order terms. Confidentiality is not a reason to withhold a finite set of documents that bears directly on the pending preliminary-injunction motion.[1]

**F. The Request Is Finite and Proportional**

Defendants' opposition confirms that the requested materials are finite and already collected. This is not open-ended merits discovery. Plaintiffs seek a discrete set of HSR materials submitted in connection with the challenged transaction. Production imposes a limited burden while giving the Court access to the materials most likely to show Defendants' own assessment

---

[1] Plaintiffs are willing to treat the HSR materials as confidential pending entry of a protective order and resolution of any designation issues. That includes holding the documents confidential in the interim while the parties determine which materials warrant confidential or attorneys'-eyes-only treatment and which do not.

of the acquisition's competitive significance. That is proportional to the needs of the case and the timing of the pending preliminary-injunction motion. To the extent timing affects how the materials may be used, the Court can set an appropriate schedule; that is not a reason to deny leave to serve limited discovery.

**III. CONCLUSION**

Plaintiffs respectfully request that the Court grant limited expedited discovery of the HSR materials submitted in connection with the challenged transaction. In the alternative, Plaintiffs request that the Court order the parties to meet and confer immediately regarding production of those materials under an appropriate protective order and on a schedule that allows the materials to be considered in connection with the pending preliminary-injunction motion.

DATED: June 9, 2026                    ALIOTO LAW FIRM


                                       __/s/ Joseph A. Alioto_____
                                       Joseph M. Alioto, Esq.
                                       Tatiana V. Wallace, Esq.
                                       Attorneys for Plaintiffs


DATED: June 9, 2026                    FOREMAN & BRASSO


                                       __/s/ Ian A. Hansen_____
                                       Ronald D. Foreman, Esq.
                                       Ian. A. Hansen, Esq.
                                       Attorneys for Plaintiffs