Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 14th Floor
San Francisco, CA 94104
Tel:  (415) 434-8900
Fax:  (415) 434-9200
Email:  jmalioto@aliotolaw.com


Ronald D. Foreman, Esq. (SBN 61148)
Ian. A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Telephone:  (415) 433-3475
Facsimile:  (415) 781-8030
Email:  foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiffs Pamela Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY,<br><br>        Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>        Defendants. | Case No. 4:26-CV-03790-AMO<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:        July 16, 2026<br>Time:       2:00 p.m.<br>Judge:      Judge Araceli Martínez-Olguín<br>Courtroom: 10 |

Plaintiffs respectfully request that the Court take judicial notice of the following documents in support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction attached hereto:

- Exhibit A: Paramount Global, Petition for Declaratory Ruling Under Section 310(b)(4), filed with the Federal Communications Commission.

- Exhibit B: Justice Douglas's concurring opinion and the Appendix to that concurrence in United States v. Pabst Brewing Co., 384 U.S. 546 (1966).

The Court may take judicial notice of Exhibit A because it is a public filing submitted to a federal administrative agency in an official proceeding. Fed. R. Evid. 201(b). Courts may take judicial notice of matters of public record, including public filings with government agencies, although judicial notice does not require the Court to accept disputed factual assertions within those records for their truth. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Plaintiffs request judicial notice of Exhibit A for the limited purpose of establishing the existence of the Petition, the fact that Paramount Global filed it with the FCC, and the statements Paramount Global made in the Petition, including the statements on pages 5-6. Plaintiffs do not ask the Court to judicially notice the truth of every factual assertion contained in the Petition merely because it was filed with the FCC.

The statements on pages 5-6 are also independently admissible against Paramount as opposing-party statements under Federal Rule of Evidence 801(d)(2). The Petition was submitted by Paramount Global to obtain regulatory relief under Section 310(b)(4), and the relevant statements are Paramount's own representations to a federal regulator. Because Plaintiffs offer those statements against Paramount, they are not hearsay. Fed. R. Evid. 801(d)(2).

This request is particularly appropriate in connection with Plaintiffs' Motion for Preliminary Injunction. At the preliminary injunction stage, the Court may consider evidence and judicially noticeable materials submitted by the parties in assessing likelihood of success, irreparable harm, the balance of equities, and the public interest. Exhibit A is not offered as an unauthenticated third-party account. It is Paramount's own public filing, made to the FCC in support of requested regulatory action, and it may properly be considered for the purposes identified above.

The Court may also take judicial notice of Exhibit B because it is a poriton of a published decision of the Supreme Court of the United States. Plaintiffs request judicial notice of Exhibit B

for the limited purpose of establishing the existence and contents of the published opinion, including Justice Douglas's concurring opinion and the Appendix to that concurrence. Plaintiffs do not ask the Court to judicially notice the truth of any factual assertion in the Appendix or in the Art Buchwald article reproduced there.

Justice Douglas joined the Court's opinion in *Pabst* and wrote separately to explain that the alternative to the Court's approach to Section 7's relevant-geographic-market requirement "leads to a form of concentration whose ultimate reductio ad absurdum is described in the Appendix to this opinion." *United States v. Pabst Brewing Co.*, 384 U.S. 546, 553 (1966) (Douglas, J., concurring). The Appendix reproduced an Art Buchwald article published in the Washington Post, which satirized the logical endpoint of accepting repeated merger justifications based on supposed efficiencies, scale, and public benefit. Plaintiffs offer Exhibit B for that limited purpose: to show the contents of a published Supreme Court concurrence and Appendix illustrating the absurdity of an argument that would permit concentration to proceed on the theory that ever-larger combinations necessarily benefit the public. The striking similarity is not the satire alone, but the justification: Justice Douglas understood that Section 7 would be undermined if courts accepted the premise that concentration is permissible whenever merging firms claim that greater size, scale, efficiencies, or public benefit will ultimately help consumers.

Accordingly, Plaintiffs respectfully request that the Court take judicial notice of Exhibits A and B.

DATED: June 17, 2026                    ALIOTO LAW FIRM
                                         /s/ Joseph M. Alioto_____
                                        Joseph M. Alioto, Esq.
                                        Tatiana V. Wallace, Esq.
                                        Attorneys for Plaintiffs

DATED: June 17, 2026                    FOREMAN & BRASSO

                                         /s/ Ronald D. Foreman_____
                                        Ronald D. Foreman, Esq.
                                        Ian. A. Hansen, Esq.
                                        Attorneys for Plaintiffs

PLS' RJN ISO REPLY ISO MO FOR PRELIMINARY INJUNCTION         CASE NO. 4:26-CV-03790-AMO