Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
matthew.huppert@winstontaylor.com

*Attorneys for Defendants Paramount Skydance
Corporation and Skydance Media, LLC*

*Additional counsel on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PAMELA FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>Defendants. | Case No. 4:26-cv-03790-AMO<br><br>**DEFENDANTS' OBJECTION TO AND MOTION TO STRIKE PLAINTIFFS' REPLY EVIDENCE** |

Pursuant to Northern District of California Civil Local Rule 7-3(d)(1), Defendants Paramount Skydance Corporation and Skydance Media, LLC (collectively, "Paramount") object to Plaintiffs' request for judicial notice, ECF No. 51, and move to strike the affidavits of Plaintiffs, ECF Nos. 44–48, and one of the documents for which Plaintiffs seek judicial notice, ECF No. 51-1 (Ex. A), all of which were filed with Plaintiffs' Reply in Support of their Motion for Preliminary Injunction, ECF No. 50.  Paramount objects to the introduction of this evidence for the first time on reply because it could have and should have been presented, if at all, with Plaintiffs' opening motion.

Generally, "new evidence submitted with a reply should not be considered."  *Orshan v. Apple, Inc.*, 2023 WL 3568079, at *5 (N.D. Cal. Mar. 31, 2023).  This rule exists to prevent "sandbagging," whereby a moving party holds back evidence or argument they "should have included . . . in [their] initial motion," only to submit it for the first time on reply.  *McLaughlin v. Wells Fargo Bank, N.A.*, 2017 WL 994969, at *3 (N.D. Cal. Mar. 15, 2017); *see also Lewis v. Gotham Ins. Co.*, 2009 WL 3698028, at *1 (S.D. Cal. Nov. 5, 2009) ("The reply brief is not intended to be the brief that shows for the first time the movant's evidentiary support for the relief sought in the his or her opening brief.").  Thus, if "new evidence" is submitted with a reply, the Court is well within its discretion to strike it.  Civil Local Rule 7-3(d)(1); *see, e.g.*, *Citcon USA, LLC v. RiverPay Inc.*, 2019 WL 2603219, at *3 (N.D. Cal. June 25, 2019) (declining to consider declaration submitted with reply in support of a motion for preliminary injunction "because it is impermissible new evidence submitted on a reply brief"); *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp.*, 337 F.R.D. 639, 647 n.3 (N.D. Cal. 2020) (similar).

Here, the evidence Plaintiffs attempt to introduce for the first time with their preliminary injunction reply could have and should have been submitted with Plaintiffs' opening motion.  The five identical Plaintiff affidavits, ECF Nos. 44–48, merely "confirm plaintiff-specific facts already pleaded in the Complaint," *e.g.*, ECF No. 50 at 5, but Plaintiffs' opening motion relied heavily on those unverified allegations, *see*, *e.g.*, ECF No. 12 at 9–10, 14, 19, 21–22.  Therefore, if Plaintiffs wanted to submit "limited verifications" of those allegations, they could and should have done so with their opening brief.  The same is true for the April 2026 submission by Paramount to the Federal Communications Commission ("FCC"), *see* ECF No. 51-1 (Ex. A), which was available to Plaintiffs before they filed their original motion, and therefore should have been included with their opening submission.  The FCC submission is additionally

improper because Plaintiffs attempt to use this new evidence to support an entirely new argument on reply, *i.e.*, that Paramount's theatrical release commitments are not "credible" because of how the Paramount-Warner Bros. transaction will be financed.  *See* ECF No. 50 at 14.

Plaintiffs' request for judicial notice is independently improper because it asks the Court to notice statements in documents for their truth, but "courts are not permitted to take judicial notice of the truth of the contents of a document."  *Tandon v. Newsom*, 517 F. Supp. 3d 922, 944 (N.D. Cal. 2021).  Although Plaintiffs disclaim asking the Court to judicially notice the truth of the contents of the documents they submit, they expressly request that the Court take notice of "statements" in the FCC submission for their truth.  ECF No. 51 at 2–3.

For the foregoing reasons, Defendants request that the Court deny Plaintiffs' request for judicial notice of Paramount's FCC submission, ECF No. 50, and strike and decline to consider the new evidence Plaintiffs submitted with their preliminary injunction reply, ECF Nos. 44–48, 51-1 (Ex. A).

Dated:  June 24, 2026

Respectfully submitted,

**WINSTON TAYLOR LLP**

By:  */s/ Jeffrey L. Kessler*
　　Jeffrey L. Kessler (*pro hac vice*)
　　**WINSTON TAYLOR LLP**
　　200 Park Avenue
　　New York, NY 10166-4193
　　Telephone: (212) 294-4698
　　Facsimile: (212) 294-4700
　　jeffrey.kessler@winstontaylor.com

　　Jeanifer E. Parsigian (SBN 289001)
　　Matthew R. DalSanto (SBN 282458)
　　**WINSTON TAYLOR LLP**
　　101 California Street, 21st Floor
　　San Francisco, CA 94111-5891
　　Telephone: (415) 591-1469
　　Facsimile: (415) 591-1400
　　jeanifer.parsigian@winstontaylor.com
　　matthew.dalsanto@winstontaylor.com

　　Conor A. Reidy (*pro hac vice*)
　　Kevin B. Goldstein (*pro hac vice*)
　　**WINSTON TAYLOR LLP**
　　300 N. LaSalle Drive
　　Chicago, IL 60654-3406
　　Telephone: (312) 558-7542

Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matthew.huppert@winstontaylor.com

Natalie Kaliss (SBN 353838)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
natalie.kaliss@lw.com

Marguerite Sullivan (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com

Shayan Ahmad (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
shayan.ahmad@lw.com

*Attorneys for Defendants Paramount Skydance Corporation and Skydance Media, LLC*