Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 14th Floor
San Francisco, CA 94104
Tel:  (415) 434-8900
Fax:  (415) 434-9200
Email:  jmalioto@aliotolaw.com


Ronald D. Foreman, Esq. (SBN 61148)
Ian. A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Telephone:  (415) 433-3475
Facsimile:  (415) 781-8030
Email:  foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiffs Pam Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAM FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY,<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>Defendants. | Case No. 4:26-cv-03790-AMO<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO AND MOTION TO STRIKE PLAINTIFFS' REPLY MATERIALS** |

Defendants' objection should be overruled, and their motion to strike should be denied.

Defendants ask the Court to strike materials submitted with Plaintiffs' reply, but they identify no rule that authorizes that relief. Civil Local Rule 7-3(d)(1), the rule Defendants invoke, permits an objection to reply evidence. It does not authorize a freestanding motion to strike evidence submitted with a reply. Nor does it impose a categorical bar on reply evidence. To the contrary, Civil Local Rule 7-3(c) expressly provides that a reply "may include affidavits or declarations." Civil L.R. 7-3(c). Civil Local Rule 7-3(d)(1) then confirms that reply evidence may be filed by providing a limited procedure if "new evidence has been submitted in the reply." Civil L.R. 7-3(d)(1). The rule permits an objection; it does not authorize striking the materials.

Rule 12(f) does not supply a basis to strike either. Rule 12(f) permits a court to strike material "from a pleading." Fed. R. Civ. P. 12(f). The challenged materials are not pleadings. Rule 7(a) defines pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if ordered, a reply to an answer. Fed. R. Civ. P. 7(a). Reply verifications, reply declarations, requests for judicial notice, and public documents submitted in connection with motion briefing are not pleadings. Defendants therefore have no basis under Rule 12(f) to strike them.

The materials also were not submitted to sandbag Defendants or introduce a new theory. They responded directly to arguments Defendants made in opposition.

First, the plaintiff verifications respond to Defendants' repeated argument that Plaintiffs' preliminary-injunction motion failed because the Complaint was "unverified" and because Plaintiffs supposedly submitted "no evidence." Defendants opened an entire section of their opposition titled "Plaintiffs Submit No Evidence To Support Their Preliminary Injunction

**PLAINTIFFS'  RESP TO DEFS' OBJ TO AND MO TO STRIKE       CASE NO. 4:26-cv-03790-AMO**
**PLAINTIFFS' REPLY MATERIALS**

Motion." Opp. at 3. They argued that Plaintiffs "did not submit any evidence in support of their Motion," "did not submit any fact declarations," and that "Plaintiffs' Motion relies solely on the unverified allegations in their Complaint." *Id.* Defendants repeated that theme throughout their opposition. *See*, *e.g.*, Opp. at 7, 9, 11, 12, 15, 16, 17, 22.

Plaintiffs' limited verifications responded to that exact argument. Defendants cannot argue that Plaintiffs relied on unverified allegations and submitted no evidence, and then ask the Court to strike Plaintiffs' response verifying the plaintiff-specific allegations Defendants challenged. The verifications do not add new claims, new theories, or new factual allegations. They confirm plaintiff-specific facts already pleaded in the Complaint and already addressed in the preliminary-injunction briefing. They also bear directly on standing, antitrust injury, irreparable harm, and consumer injury, including subscriptions, payments, viewing habits, and threatened injury from reduced standalone choice, reduced content variety, reduced service differentiation, and diminished price and quality competition. Reply at 5-6.

Second, the FCC filing responded directly to Defendants' reliance on Paramount's asserted 30-film commitment and claimed output benefits. Defendants argued that "Paramount has committed to releasing 30 feature films in theaters annually following the Warner Bros. transaction." Opp. at 1. They again argued that "Paramount has committed to increase its investment in content generation and to release a minimum of 30 films in theaters per year." Opp. at 3. They repeated that "Paramount has repeatedly and publicly committed to release a minimum of 30 theatrical films per year," Opp. at 4, and later argued that the merger will increase film investment, increase theatrical output, and benefit consumers because Paramount will release at least 30 theatrical films annually. Opp. at 20-21.

Plaintiffs submitted the FCC filing in response to those claims. The filing bears on what

Paramount represented to regulators and on whether Defendants' claimed 30-film commitment supports the weight Defendants place on it. Plaintiffs did not submit the FCC filing to prove the truth of every statement in the filing. Plaintiffs submitted it for the limited purpose of showing the existence and content of Paramount's public regulatory representations and to rebut Defendants' argument that the asserted 30-film commitment establishes procompetitive output benefits.

The FCC filing is relevant for the reasons Plaintiffs explained in reply. Defendants asked the Court to credit promises that the merged company will increase theatrical output, maintain a 45-day theatrical window, invest in more programming, and create consumer benefits. Reply at 13-14. Plaintiffs responded that those are unilateral post-merger business plans, not structural safeguards, and that litigation-position promises about future output should receive little weight. *Id.* Plaintiffs then explained that Defendants' own financing record makes those output promises less credible because Paramount petitioned the FCC for approval of a financing structure dependent on massive new outside capital, including foreign sovereign wealth funds, and sought approval for indirect foreign ownership above 25%, up to 100% in the aggregate. Reply at 14. Plaintiffs also explained that the debt load matters because a company assuming a massive financing burden has incentives to cut costs, consolidate operations, reduce duplication, rationalize content spend, and prioritize debt service and investor returns over incremental theatrical output or consumer-facing variety. Reply at 14-15.

Civil Local Rule 7-3(d)(1) is designed to prevent unfair sandbagging. It does not prevent a reply from responding to arguments made in opposition. Here, Defendants argued that Plaintiffs' allegations were unverified and unsupported. Plaintiffs responded with limited verifications. Defendants argued that Paramount's 30-film commitment and claimed output

benefits supported denial of the injunction. Plaintiffs responded with a public FCC filing bearing on those claimed commitments and benefits. That is proper reply material.

At most, the Court may consider the verifications and FCC filing only for the limited purposes for which Plaintiffs submitted them. Striking them outright would be unwarranted, especially where Defendants identify no rule authorizing that remedy and where the challenged materials respond directly to arguments Defendants chose to make.

For these reasons, Defendants' objection should be overruled and their motion to strike should be denied.

DATED: June 30, 2026                    ALIOTO LAW FIRM


                                        __/s/ Joseph M. Alioto_____
                                        Joseph M. Alioto, Esq.
                                        Tatiana V. Wallace, Esq.
                                        Attorneys for Plaintiffs


                                        FOREMAN & BRASSO


                                        __/s/ Ian A. Hansen_____
                                        Ronald D. Foreman, Esq.
                                        Ian. A. Hansen, Esq.
                                        Attorneys for Plaintiffs

**PLAINTIFFS' RESP TO DEFS' OBJ TO AND MO TO STRIKE          CASE NO. 4:26-cv-03790-AMO**
**PLAINTIFFS' REPLY MATERIALS**