Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 14th Floor
San Francisco, CA 94104
Tel:  (415) 434-8900
Fax:  (415) 434-9200
Email:  jmalioto@aliotolaw.com


Ronald D. Foreman, Esq. (SBN 61148)
Ian A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Telephone:  (415) 433-3475
Facsimile:  (415) 781-8030
Email:  foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiffs Pam Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAM FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY,<br><br>      Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>      Defendants. | Case No. 4:26-cv-03790-AMO<br><br>**PLAINTIFFS' OPPOSITION TO STATE OF CALIFORNIA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

**INTRODUCTION**

Plaintiffs respectfully oppose the State of California's motion to relate this action to *California v. Paramount Skydance Corp.*, No. 4:26-cv-07116. Although both cases concern Paramount's proposed acquisition of Warner Bros. Discovery, they are not substantially the same, and relation now would risk delaying an earlier-filed case in which the principal motions have already been fully briefed. Civil Local Rule 3-12 requires more than some factual overlap. The moving party must show both that the cases concern substantially the same parties, property, transaction, or event and that proceeding before different judges is likely to cause "unduly burdensome duplication of labor and expense or conflicting results." Civ. L.R. 3-12(a). The State has not made that showing. Although both cases concern Paramount's proposed acquisition of Warner Bros. Discovery, they are not substantially the same. More importantly, Plaintiffs should not be forced to start over after fully briefing the principal motions and pursuing targeted expedited discovery in this earlier-filed action.

I.    THE CASES CHALLENGE DIFFERENT TRANSACTIONS AND SEEK DIFFERENT RELIEF

The State action challenges only Paramount's proposed acquisition of Warner Bros. and seeks to prevent that transaction from closing. Its complaint is limited to that proposed merger. This action is broader. Plaintiffs also challenge the already-consummated Paramount-Skydance merger and seek divestiture or other structural relief directed to that completed transaction. The States do not challenge the Paramount-Skydance merger and do not seek to unwind it. A ruling in the State action therefore would not resolve Plaintiffs' separate challenge to the Paramount-Skydance merger or Plaintiffs' request for divestiture.

II.   THE CASES ASSERT DIFFERENT MARKETS AND COMPETITIVE THEORIES

The State complaint focuses on three markets: wide-release theatrical film distribution, anticipated top-grossing theatrical film distribution, and licensing of basic cable channels. Its theories concern movie theaters, theatrical output, cable distributors, affiliate fees, and cable subscribers. In contrast, the *Faust* action not only addresses theatrical-film distribution but also

challenges the effects of the transactions in the distinct markets for direct-to-consumer streaming and national television news. Plaintiffs allege harm from the elimination of Paramount+ and HBO Max as independent streaming competitors, including higher subscription prices, reduced content, platform consolidation, and diminished consumer choice. Plaintiffs also challenge the combination of CBS News and CNN as independent national news competitors. Those claims require different evidence. Plaintiffs seek discovery concerning streaming pricing, subscriber migration, churn, bundling, platform integration, content libraries, and competition between Paramount+ and HBO Max. The national news claim will require evidence concerning CBS News, CNN, newsroom operations, distribution, and control.

In addition, Plaintiffs attack the very foundation of the proposed Warner Bros. acquisition. Plaintiffs challenge the completed Paramount Global and Skydance merger, the immediate increase in Paramount+ prices that followed, and will challenge the stock acquisitions associated with financing the proposed Warner Bros. transaction. Paramount has indicated that it intends to fund the transaction through substantial foreign investment, potentially exceeding the 25 percent statutory benchmark and reaching up to 100 percent aggregate indirect foreign equity and voting ownership. The identified foreign investors include the Public Investment Fund of Saudi Arabia, an Abu Dhabi government investment fund, and the Qatar Investment Authority. These stock acquisitions and their use implicate the second operative paragraph of section 7 of the Clayton Act, which addresses the acquisition and use of stock where the effect may substantially lessen competition or tend to create a monopoly.

The States do not challenge the completed Paramount-Skydance merger, the ensuing subscription price increases, these foreign-financed stock acquisitions, or the alleged use of those stock interests. The States' theatrical and cable theories will therefore require different market evidence, different customers, and different competitive-effects analysis. A ruling on theatrical films or basic cable would not resolve Plaintiffs' streaming, national news, completed merger, foreign financing, or stock acquisition claims. Separate rulings on those distinct claims and markets would not constitute conflicting results. The State action also cannot adjudicate

**PLAINTIFFS' OPPOSITION TO STATE OF CALIFORNIA'S**    **CASE NO. 4:26-cv-03790-AMO**
**ADMIN. MO. TO CONSIDER WHETHER CASES SHOULD BE RELATED**

Plaintiffs' damages claims or substitute for Plaintiffs' right to a jury trial concerning price increases allegedly caused by the completed Paramount-Skydance merger. These differences substantially reduce both the potential for duplicative judicial labor and any risk of conflicting results, which is the showing Civil Local Rule 3-12(a)(2) requires.

III.    RELATION THREATENS DELAY, NOT EFFICIENCY

This action was filed first and is substantially further advanced. Plaintiffs' motion for a preliminary injunction is fully briefed. Paramount's motion to dismiss is fully briefed. Plaintiffs have filed a still-pending request for expedited production of Defendants' submissions under the Hart Scott Rodino Antitrust Improvements Act of 1976.

The States filed their case only recently and rely, in part, on nonpublic information redacted from their complaint and *unavailable to Plaintiffs*. Relating the cases now creates a serious risk that Plaintiffs' pending motions and discovery requests will be delayed while the later-filed State action proceeds on a record Plaintiffs have not been permitted to see. That would not promote efficiency. It would place the earlier-filed Plaintiffs at a substantial informational and procedural disadvantage.

The risk of delay is concrete. Defendants already contend that no discovery may proceed until their motion to dismiss is decided, even though no automatic discovery stay exists. They will likely use relation to extend that position to both actions and further delay Plaintiffs' targeted request for Defendants' Hart-Scott-Rodino submissions. Relation should not reward Defendants' effort to prevent discovery while the proposed transaction moves toward closing.

The State's motion does not explain how the relation would affect the fully briefed motions, the pending administrative motion, or the current schedule. It merely asserts, in general, that the relation will avoid duplication and inconsistent rulings.  That is insufficient where the two cases assert materially different claims, and this action is already much further advanced.

IV.    LIMITED DISCOVERY OVERLAP DOES NOT REQUIRE RELATION

There may be some overlap in transaction-level discovery, including the merger agreement, integration plans, board materials, claimed efficiencies, and closing schedule. That

overlap can be managed through cooperation among counsel, targeted discovery coordination, and cross-use of nonprivileged materials. However, much of Plaintiffs' discovery will be unique. Because the States do not plead streaming or national-news markets, they may have no reason to pursue the evidence necessary to prove those claims. Plaintiffs will also need discovery concerning the completed Paramount-Skydance merger, which the States do not challenge at all. Relation, therefore, would not eliminate separate discovery. It would instead risk placing Plaintiffs' distinct claims behind a later-filed case built around different markets.

## V.    PLAINTIFFS SHOULD NOT BE DISPLACED BY A LATER-FILED ACTION

Plaintiffs filed first, sought preliminary relief, opposed dismissal, and pursued expedited production of Defendants' HSR submissions. They should not now be stayed, subsumed, or reduced to a passive role because governmental plaintiffs later filed a partially overlapping case. Relation should not become a mechanism by which later-filed plaintiffs displace the parties who first brought the challenge and actively prosecuted it.

The Supreme Court has recognized that government and private antitrust actions vindicate different interests and were designed to be "cumulative, not mutually exclusive." *United States v. Borden Co.*, 347 U.S. 514, 518–19 (1954). They "may proceed simultaneously or in disregard of each other." *Id.* at 519. Here, Plaintiffs seek relief for their own injuries, including damages and a jury trial arising from price increases, and assert separate claims involving direct-to-consumer streaming, national television news, and the completed Paramount-Skydance merger. The later-filed State action therefore does not supersede Plaintiffs' action, eliminate their damages claims, or justify requiring them to start over.

## CONCLUSION

Plaintiffs respectfully request that the Court deny the motion to relate. The cases concern different transactions, relevant markets, injuries, discovery, and relief. This earlier-filed action is substantially further advanced. Plaintiffs should not be forced to start over after fully briefing the principal motions, pursuing targeted expedited discovery, and litigating under the existing schedule. Relation now threatens to erase that progress, delay adjudication, and require Plaintiffs

to start over for the benefit of a later-filed action rather than promote efficiency.

In the alternative, if the Court relates the cases, Plaintiffs respectfully request that the Court order that the relation shall not:

1.  Vacate or continue any hearing or deadline in this action;

2.  Delay adjudication of the fully briefed preliminary-injunction motion or motion to dismiss;

3.  Delay Plaintiffs' pending request for expedited discovery for the production of Defendant's HSR submission;

4.  Stay or consolidate the actions;

5.  Limit Plaintiffs' streaming, national-news, or Paramount-Skydance discovery;

6.  Limit Plaintiffs' request for divestiture or other structural relief; or

7.  Diminish Plaintiffs' right to participate fully in discovery, motion practice, trial, and any proceedings concerning relief.

DATED: July 15, 2026                    ALIOTO LAW FIRM


                                        ___/s/ Joseph M. Alioto_____
                                        Joseph M. Alioto, Esq.
                                        Tatiana V. Wallace, Esq.
                                        Attorneys for Plaintiffs


DATED: July 15, 2026                    FOREMAN & BRASSO


                                        ___/s/ Ian A. Hansen_____
                                        Ronald D. Foreman, Esq.
                                        Ian A. Hansen, Esq.
                                        Attorneys for Plaintiffs

**PLAINTIFFS' OPPOSITION TO STATE OF CALIFORNIA'S      CASE NO. 4:26-cv-03790-AMO**
**ADMIN. MO. TO CONSIDER WHETHER CASES SHOULD BE RELATED**