United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FAUST, et al.,<br>Plaintiffs,<br>v.<br>PARAMOUNT SKYDANCE CORPORATION, et al.,<br>Defendants. | Case No. 26-cv-03790-AMO<br>**ORDER GRANTING MOTIONS TO RELATE**<br>Re: Dkt. Nos. 57, 60 |
| THE STATE OF CALIFORNIA, et al.,<br>Plaintiffs,<br>v.<br>PARAMOUNT SKYDANCE CORPORATION, et al.,<br>Defendants. | Case No. 26-cv-07116 |
| WRITERS GUILD OF AMERICA, WEST, INC., et al.,<br>Plaintiffs,<br>v.<br>PARAMOUNT SKYDANCE CORPORATION, et al.,<br>Defendants. | Case No. 26-cv-07212 |

Before the Court are two administrative motions to consider whether cases should be related. Plaintiffs in *The State of California et al v. Paramount Skydance Corporation et al.*, Case No. 26-cv-07116, and *Writers Guild of America, West, Inc., et al. v. Paramount Skydance Corporation et al.*, Case No. 3:26-cv-07212, both move to relate their cases with the lowest-numbered case presently before the undersigned judge, *Faust et al. v. Paramount Skydance*

United States District Court
Northern District of California

*Corporation et al.*, Case. No. 26-cv-03790-AMO. Civil Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Based on the parties' submissions, the Court finds both Civil Local Rule 3-12(a) criteria satisfied here.

First, there is substantial overlap in the parties and transaction involved in each action. Paramount Skydance Corp. ("Paramount") and Warner Bros. Discovery, Inc. ("Warner Bros.") are Defendants in all three cases. And all three cases concern the same transaction: Paramount's proposed acquisition of Warner Bros. In all three suits, Plaintiffs seek to enjoin the transaction on the grounds that it is likely to substantially harm competition in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.

Second, given the similarities between the cases, relating the cases will promote judicial economy, avoid duplicative discovery, and reduce the burden on the parties and witnesses. Moreover, due to the overlapping issues, proceeding before three separate judges would create a risk of potentially inconsistent rulings while the three cases proceed simultaneously.

Therefore, the Court finds that

- *The State of California et al. v. Paramount Skydance Corporation et al.*, Case No. 26-cv-07116, and
- *Writers Guild of America, West, Inc., et al. v. Paramount Skydance Corporation et al.*, Case No. 3:26-cv-07212,

are related to the case assigned to the undersigned, and such cases shall be reassigned to the undersigned. The Court GRANTS the motions to relate. To be clear, the Court does not consolidate the cases by this order. All future filings in the reassigned cases shall bear the initials "AMO" immediately after the case number.

The Court VACATES all scheduled case management conferences in the three cases, to be rescheduled at a future date.

United States District Court
Northern District of California

In the *Faust* case, the hearing on the preliminary injunction, motion to dismiss, and ancillary motions remains as previously scheduled for 2:00 p.m. on July 16, 2026, in Oakland. Counsel from the newly-related cases will not be invited to participate in the hearing.

In the *State of California* case, the briefing schedule set by the Honorable P. Casey Pitts remains in place. Defendants' opposition to the motion for temporary restraining order shall be filed by no later than noon on July 16, 2026, and the motion will be heard at 10:00 a.m. on July 17, 2026, in Oakland. Counsel from the *Faust* and *Writers Guild* cases will not be invited to participate in the hearing.

**IT IS SO ORDERED.**

Dated: July 15, 2026



**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**