Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L St NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matthew.huppert@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*

*Additional counsel on signature page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| THE STATE OF CALIFORNIA, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT SKYDANCE CORPORATION, AND WARNER BROS. DISCOVERY, INC.<br><br>Defendants.<br>―――――――――――――――――<br>PAMELA FAUST, ET Al.<br><br>Plaintiffs,<br>v.<br><br>PARAMOUNT SKYDANCE CORP., AND SKYDANCE MEDIA, LLC.<br><br>Defendants. | Case No. 4:26-cv-03790-AMO<br>Case No.  4:26-cv-07116<br><br><br>**JOINT MOTION FOR STATUS CONFERENCE RE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Pursuant to Civil L.R. 7-1 and Rule 65 of the Federal Rules of Civil Procedure, Defendants Paramount Skydance Corporation ("Paramount") and Warner Bros. Discovery, Inc. ("Warner Bros."), and the Plaintiff States,[1] submit their respective position statements on the procedures for resolution of the States' Motion for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue, ECF No. 27 (the "PI Motion"), which seeks to enjoin Defendants' merger.  The Parties respectfully request that the Court hold a status conference on Thursday, July 16, 2026, at 2:00 p.m., at which time this Court is already scheduled to hear motion arguments in *Faust v. Paramount Skydance Corp.*, No. 26-cv-03790, which the parties agree is related to this action.

The Parties have discussed the schedule to resolve the PI Motion, but, they have not reached agreement on certain scheduling and procedural details, including whether to hold live witness testimony at the preliminary injunction hearing.  Therefore, Defendants and Plaintiffs set out their respective proposals below.

## **DEFENDANTS PARAMOUNT AND WARNER BROS.' STATEMENT**

Paramount and Warner Bros. propose a schedule that leads to an evidentiary hearing on the PI Motion with live witness testimony commencing in late August 2026, such that the Court has time to render a decision on the PI Motion sufficiently before September 30, 2026, to allow the merger to be consummated by that date.

The reasons that Defendants seek resolution before September 30 are twofold.  First, Paramount and Warner Bros. are eager to combine and begin delivering the merger's expected benefits to competition and consumers as soon as possible.  Delaying the merger means delaying those procompetitive benefits to consumers, including *delaying benefits that the States do not contest*, such as by combining the two companies' existing sub-scale streaming libraries into a more attractive alternative that can compete with much larger rivals like Netflix, Disney+, and Amazon Prime.  Second, there are material financial consequences for Paramount if the merger does not close by September 30 due to a contractual "ticking fee" that requires Paramount to pay Warner Bros. shareholders approximately $7 million per day, for each day until closing.  *See* Ex. 1 to Kessler Decl. (Merger Agreement).  Beyond the pure financial loss, paying

---

[1] The Plaintiff States are California, Arizona, Colorado, Connecticut, Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, and Washington.

1

those unnecessary ticking fees means less money available to Paramount to invest in new content and better services for customers.  For example, a delay of even 30 days would equate to a $210 million ticking fee – enough to fund the entire production budgets of several new feature films.

In response to information that the States were preparing this lawsuit, after months of investigation, Paramount proactively wrote to the Attorney General of California—ten days before this lawsuit was filed—explaining the importance of closing by September 30 and making substantially the same scheduling proposal as we reiterate here.  *See* Ex. 2 to Kessler Decl. (July 3, 2026, Ltr. to AG Bonta).  Nonetheless, the States completely ignore this exchange in their PI Motion and misrepresent that Paramount refused to stipulate not to consummate the transaction for even fourteen days while the Court adjudicated the PI Motion. *See* ECF No. 27 at 3.  To the contrary, Paramount's letter explicitly offered: "If you agree to this schedule (or a mutually agreeable alternative), Paramount would agree not to close the transaction until September 30 or three days after the issuance of the court's preliminary injunction decision, whichever is earlier." Ex A., Ltr. to AG Bonta at 4.  The letter further emphasized that Paramount was willing to meet and confer about details of the schedule, so long as it had had the same endpoint.  *Id.*  In short, Paramount offered and remains willing to stipulate not to close until September 30, 2026—*i.e.*, 79 days from the date of the States' Complaint and PI Motion—while the Court resolves the PI Motion.

The proposed schedule below provides an orderly way to reach an evidentiary hearing in advance of that date, drawing on the fact that the States have already been investigating this merger since at least February, and have already received over 2 million documents from over 80 Paramount and Warner Bros. custodians in response to subpoenas.  *See* Kessler Decl. ¶ 2.  This proposal is also mindful of the Court's schedule, including Your Honor's unavailability July 20-23 and August 8-16, 2026.[2]

Defendants' proposal further provides for live witness testimony to be held at the evidentiary hearing on the PI Motion.  Indeed, courts in the Ninth Circuit and beyond have held live evidentiary hearings in virtually every significant antitrust merger challenge brought in recent history by the States and other government enforcers.[3]  *See, e.g.*, *FTC v. Meta Platforms Inc.*, 654 F. Supp. 3d 892, 903 (N.D. Cal. 2023) (denying FTC and states' motion for preliminary injunction to enjoin merger after a "seven-

---

[2] *See* The Court's Scheduling Notes, https://apps.cand.uscourts.gov/CEO/cfd.aspx?B375.
[3] In contrast, where motions for a preliminary injunction have not been supported by evidence, as in *Faust*, an evidentiary hearing is unnecessary.

day evidentiary hearing"); *FTC v. Microsoft Corp.*, No. 23-cv-2880 (N.D. Cal. June 14, 2023), ECF No. 76 (five-day evidentiary hearing); *FTC v. Tempur Sealy Int'l, Inc.*, No. 4:24-cv-2508 (S.D. Tex. Aug. 19, 2024), ECF No. 106 (ten-day evidentiary hearing); *FTC v. Tapestry, Inc.*, No. 1:24-cv-03109 (S.D.N.Y. May 1, 2024) ECF. No. 71 at 11 (evidentiary hearing of 20 hours per side); *FTC v. GTCR, LLC,* No. 1:25-cv-02391 (N.D. Ill. May 20, 2025), ECF Nos. 99, 100 (seven-day evidentiary hearing); *United States v. Booz Allen Hamilton Inc.*, 2022 WL 9976035 (D. Md. July 20, 2022), ECF No. 73 (two-day evidentiary hearing).  Here, it is undisputed that the merger of Paramount and Warner Bros. is highly consequential for the future of the entertainment industry.  The economic stakes are high and the credibility of witnesses is too important for the Court to decide solely on the papers, as Plaintiffs propose.  Plaintiffs submitted declarations from three fact witnesses and an expert witness (Dr. Lee), which they rely upon heavily in trying to meet their burden to obtain a preliminary injunction.  *See* ECF Nos. 27-2, 27-4, 27-5, 27-6.  And in their forthcoming opposition to the PI Motion, Paramount and Warner Bros. will submit declarations from an expert economist and from fact witnesses, including executives from both companies responsible for key businesses where the impacts of the merger on competition are disputed.  The Court should hear from these witnesses directly and, especially in the case of economist experts, allow them to be subject to live cross examination.

Defendants respectfully request that the Court enter the proposed schedule below, or any other schedule that allows for live testimony and resolution of the PI Motion as soon as possible after the proposed August hearing, so that a determination and possible expedited appeal can be made prior to September 30, 2026.

**Paramount and Warner Bros. Proposed Schedule**

| Event | Date |
| --- | --- |
| Plaintiffs to produce expert backup for Lee declaration | July 15, 2026 by noon PDT |
| Plaintiffs to produce all non-party documents and other information received during investigation | July 20, 2026 |
| Parties exchange initial witness lists | July 20, 2026 (Plaintiffs) July 22, 2026 (Defendants) |
| Defendants file opposition to motion for preliminary injunction with any expert submissions | July 27, 2026 |

| Defendants to produce expert backup | July 28, 2026 by noon PDT |
|---|---|
| Parties exchange exhibit lists and final witness lists | August 3, 2026 |
| Parties exchange objections to exhibits | August 7, 2026 |
| Any MIL filings | August 7, 2026 |
| Oppositions to any MIL filings | August 12, 2026 |
| Parties submit witness lists, exhibit lists, and exhibits to the Court (if requested) | August 14, 2026 |
| Pre-hearing conference | August 17, 2026 |
| Preliminary injunction hearing (12 hours per side) | August 18–21, 2026 |
| Post-hearing briefing | August 31, 2026 |

In the alternative, if the Court grants Plaintiffs' request to rule on their motion for a temporary restraining order by end of day on July 21, 2026 (see PI Motion at 3), the Parties have agreed that Defendants may have until Monday, July 20, 2026 to file an opposition to the PI Motion's request for a temporary restraining order.  However, Defendants reiterate that, if the Court enters a schedule that reaches an evidentiary hearing and decision on the preliminary injunction sufficiently before September 30, 2026, Defendants will stipulate not to consummate the merger prior to that date.

<b><u>PLAINTIFF STATES' STATEMENT</u></b>

The only issue before the Court at this time is the disposition of Plaintiff States' motion for TRO and order to show cause as to why a preliminary injunction should not issue (Dkt. No. 27). Plaintiff States respectfully request that the TRO be entered promptly to pave the way for a hearing on the preliminary injunction.  Defendants should file their opposition, and a hearing on preliminary relief be set at a time convenient to the Court. Plaintiff States suggest that this can be done within the fourteen days covered by the TRO. The preliminary matter can and should be argued and submitted on the papers, which amply demonstrate Plaintiff States' entitlement to a preliminary injunction to prevent Defendants from closing this transaction while the Court is adjudicating Plaintiff States' complaint for a permanent injunction. *See, e.g.*, Order (Dkt. No. 60), *In re Nexstar-TEGNA Merger Litig.*, No. 2:26-cv-00976 (E.D. Cal. March 27, 2026) (granting TRO on the papers).

4

The next order of business is the most important: a trial on Plaintiff States' prayer for permanent injunctive relief. On that matter, Plaintiff States agree that an evidentiary hearing is necessary. The Transaction is "highly consequential." *Supra.* Its legality, therefore, deserves to be decided on a full record. And there is ample time to set a schedule and develop an appropriate record. Defendants' own merger agreement provides for an initial outside date of March 4, 2027, a date that automatically extends to June 4, 2027, for pending antitrust review. *See* Ex. 1 to Kessler Decl. (Merger Agreement) § 8.1(b)(i). In essence, Defendants have agreed not to close their merger until then, recognizing and admitting that antitrust litigation likely would require that amount of time. Contractual deadlines that the merging parties negotiated and agreed to are wholly of their own making and should not be used to limit the ability of the government, private parties, and this Court to evaluate the anticompetitive effects of this merger.

Accordingly, Plaintiff States attempted to negotiate a trial date with Defendants that would provide for discovery and the development of a full record.[4] Plaintiff States proposed that the trial of this action commence in April 2027. This proposed April date is also well within the timeframe anticipated by Defendants' outside date. In any event, the Court need not decide scheduling now. There is time enough for the parties to negotiate and present scheduling issues to the Court for a trial on the merits of Plaintiff States' complaint.

Defendants' position that this matter be decided once and for all on a rushed evidentiary hearing concerning preliminary relief without sufficient time for discovery is patently unfair.

*First*, this case is about whether Defendants' merger may substantially reduce competition in three relevant markets (distribution of wide-release theatrical films, distribution of anticipated top-grossing films, and licensing of basic cable channels to distributors). Defendants seek to distract by claiming procompetitive benefits from "combining the two companies' existing sub-scale streaming libraries," *supra*, but even if those claims were credited (and they should not be), "the Clayton Act does not excuse mergers that lessen competition . . . simply because the merged entity can improve its operations." *Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys.*, 778 F.3d 775, 792 (9th Cir. 2015). The Supreme Court, moreover, has long rejected the argument that "anticompetitive effects in one market could be

---

[4] These discussions did not involve the Writers Guild, who have now filed what appears to be a related case and who have likely had no discovery.

justified by procompetitive consequences in another." *United States v. Philadelphia Nat. Bank*, 374 U.S. 321, 370 (1963). Defendants' empty promises to compete harder in distinct, out-of-market areas of their businesses cannot justify rushing this case.

*Second*, Defendant Paramount's decision to compensate Warner Bros. shareholders in exchange for extending the time for antitrust review to June 2027 is not a reason to short-circuit antitrust review in this Court. The "material financial consequences" of Paramount's agreement to pay Warner Bros. shareholders a "ticking fee" every day past September 30 that the merger does not close are consequences of Defendants' own making and, in any event, could be modified by Defendants' mutual agreement. Defendants' private agreement to allocate the risks of antitrust review is no basis for denying Plaintiff States' rights to the opportunity to present their case on the merits after full and fair discovery. It should not constrain this Court's ability to carefully review the evidence. The Court should not countenance Defendants' attempt to craft a contract to manufacture urgency and impose their preferred timeline on Plaintiff States and the Court, especially where Defendants' own agreement anticipated that antitrust review could last eight months beyond the September 30, 2026 ticking fee date. *See* Ex. 1 to Kessler Decl. (Merger Agreement) § 8.1(b)(i).

*Third*, Defendants badly misconstrue precedents in which courts have held evidentiary hearings in FTC merger challenges. In each case Defendants cite, the FTC filed suit only for *preliminary* injunctive relief to stop defendants from closing before the completion of an FTC administrative trial on the merits. Those cases were *not* about permanent injunctive relief. Even then, in all those cases, the evidentiary hearings on the preliminary injunction occurred after full fact and expert discovery. *United States v. Booz Allen Hamilton Inc.*, 2022 WL 9976035 (D. Md. July 20, 2022), is even more inapposite, because the preliminary injunction hearing was about whether a transaction involving a single defense contract violated Sherman Act § 1, not Clayton Act § 7 (the basis for Plaintiff States' claims).

More relevant, in merger challenges where the government has sought permanent injunction relief, courts provide ample time for the parties to develop the record for trial. *See, e.g.*, Order Amending Initial Pretrial Scheduling Order, Setting Trial, & Entering Stipulated Discovery Protocol (Dkt. No. 258), *In re Nexstar-TEGNA Merger Litig.*, No. 2:26-cv-00976 (E.D. Cal. July 9, 2026). For example, in *United States v. Bertelsmann SE*, No. 1:21-cv-02886 (D.D.C.), the government filed its complaint for permanent

injunction in November 2021, a twelve-day bench trial commenced nine months later, and the court issued its decision on October 31, 2022. In *United States v. JetBlue Airways Corp.*, No. 1:23-cv-10511 (D. Mass.), the United States filed a complaint for permanent injunction on March 7, 2023, and the court held a seventeen-day bench trial starting seven months later.

Notably, in those cases, the government had the benefit of a full pre-complaint investigation. Not so here. As is typical in mergers submitted for federal antitrust review, the U.S. Department of Justice took the lead in investigating Defendants' merger, and Plaintiff States heeded Defendants' request that they defer to and "coordinate" with federal authorities. Suffice to say, the federal government's investigation was extremely truncated and closed unexpectedly early. For example, the federal government took only two depositions of Defendants and deposed no third parties.

*Finally*, Defendants proposed schedule is unfair and unworkable. For example, Defendants would require Plaintiff States to produce non-party documents from the limited pre-complaint investigation by July 20. As an initial matter, there is no protective order in place to protect Defendants' competitors sensitive information. More fundamentally, Defendants provide no opportunity for Plaintiff States to seek discovery from Defendants. Despite the lack of document discovery or depositions, Plaintiff States are expected to exchange witness and exhibit lists by August 3. Defendants' proposed preliminary hearing would begin in five weeks on August 18. Defendants' schedule is unreasonable, unfair, and unprecedented.

Plaintiff States respectfully request that the Court enter the TRO, set a hearing on the requested preliminary injunction (which can be decided on the papers) before the TRO expires, and order the parties to begin work on a proposed schedule and case management order for this case.

7

July 15, 2026

Respectfully submitted,

**WINSTON TAYLOR LLP**

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L St NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matthew.huppert@winstontaylor.com

Natalie Kaliss (SBN 353838)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
natalie.kaliss@lw.com

8

Marguerite Sullivan (*pro hac vice*)
Christopher J. Brown (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
chris.brown@lw.com

*Attorneys for Defendant*
*Paramount Skydance Corporation*

**O'MELVENY & MYERS LLP**

By: /s/ Daniel M. Petrocelli

Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone:    +1 310 553 6700
Facsimile:    +1 310 246 6779

Peter C. Herrick (*pro hac vice* pending)
pherrick@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone:    +1 212 326 2000
Facsimile:    +1 212 326 2061

Julia A. Schiller (*pro hac vice* pending)
jschiller@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC  20006-4061
Telephone:    +1 202 383 5300
Facsimile:    +1 202 383 5414

Derek Ludwin (*pro hac vice forthcoming*)
Henry Liu (*pro hac vice forthcoming*)
Ross A. Demain (*pro hac vice forthcoming*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street, N.W.
Washington, D.C. 20001
Tel: (202) 662-6000
dludwin@cov.com
hliu@cov.com

9

rdemain@cov.com

Bernard A. Nigro Jr. (*pro hac vice forthcoming*)
Kathleen S. O'Neill (*pro hac vice forthcoming*)
**FRIED FRANK HARRIS SHRIVER &
JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Barry.Nigro@friedfrank.com
Kathy.Oneill@friedfrank.com

*Attorneys for Defendant
Warner Bros. Discovery, Inc.*

FOR PLAINTIFF STATE OF CALIFORNIA:
ROB BONTA
Attorney General of California

*/s/ Daniel D. Ambar*

Paula L. Blizzard (SBN 207920)
Senior Assistant Attorney General
Natalie S. Manzo (SBN 155655)
Brent K. Nakamura (SBN 283572)
Supervising Deputy Attorneys General
Daniel D. Ambar (SBN 278853)
Winston H. Chen (SBN 166959)
Matthew E. Delgado (SBN 306999)
Nicole S. Gordon (SBN 224138)
Jennifer K. Hane (SBN 275729)
Ashley Kaplan (SBN 293443)
Casey Kovarik (SBN 348032)
Divya B. Rao (SBN 292853)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6153
Fax: (916) 731-3637
Email: Daniel.Ambar@doj.ca.gov
Richard Parker (SBN 62356)
James Weingarten (*pro hac vice* pending)
Adam Di Vincenzo (*pro hac vice* pending)
Grant Bermann (*pro hac vice* pending)
Anastasia Pastan (*pro hac vice* pending)
Julia May (*pro hac vice* pending)
Natalie Nogueira (*pro hac vice* pending)
Allison Chesky (*pro hac vice* pending)
Milbank LLP

10

1101 New York Ave. NW
Washington, DC 20005
Telephone: (202) 835-7525
Email: jweingarten@milbank.com
Kelly D. Garcia (*pro hac vice* pending)
Milbank LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5871
Email: kgarcia@milbank.com
*Attorneys for Plaintiff State of California*


FOR PLAINTIFF STATE OF ARIZONA:

KRISTIN K. MAYES
Attorney General of Arizona

*/s/ Allison Weber*
Robert A. Bernheim (*pro hac vice* forthcoming)
Unit Chief Counsel
Sarah Pelton (*pro hac vice* forthcoming)
Allison Weber (*pro hac vice* forthcoming)
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: consumer@azag.gov
*Attorneys for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF COLORADO:

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Bryn A. Williams*
Bryn A. Williams (SBN 301699)
First Assistant Attorney General
Amy Bowles (*pro hac vice* pending)
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Bryn.Williams@coag.gov
        Amy.Bowles@coag.gov

*Attorneys for Plaintiff State of Colorado*

11

FOR PLAINTIFF STATE OF CONNECTICUT:

WILLIAM TONG
Attorney General of Connecticut

NICOLE DEMERS (*pro hac vice* forthcoming)
Deputy Associate Attorney General

*/s/ Julián A. Quiñones Reyes*
Julián A. Quiñones Reyes (*pro hac vice* forthcoming)
Franklin Kanin (*pro hac vice* forthcoming)
Assistant Attorneys General
Office of the Connecticut Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5030
Email: Franklin.Kanin@ct.gov

*Attorneys for Plaintiff State of Connecticut*

FOR PLAINTIFF COMMONWEALTH OF
MASSACHUSETTS:

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Anthony W. Mariano*

Anthony W. Mariano (*pro hac vice* pending)
Chief, Antitrust Division
William L. Twomey (*pro hac vice* pending)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (781) 835-7990
Email: Anthony.Mariano@mass.gov
          William.Twomey@mass.gov

*Attorneys for Plaintiff Commonwealth of
Massachusetts*

FOR PLAINTIFF STATE OF MINNESOTA:

KEITH ELLISON
Attorney General of Minnesota

12

*/s/ Jon M. Woodruff*
James W. Canaday (SBN 368825)
Deputy Attorney General
Elizabeth Odette (*pro hac vice* forthcoming)
Antitrust Division Manager
Assistant Attorney General
Jon M. Woodruff (*pro hac vice* forthcoming)
Assistant Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101-2130
Telephone: (651) 300-7425
Fax: (651) 296-9663
Email: Jon.Woodruff@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General of Nevada

ERNEST D. FIGUEROA
Consumer Advocate

*/s/ Samantha B. Feeley*
Samantha B. Feeley (NV Bar No. 14034)
(*pro hac vice* pending)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
Email: sfeeley@ag.nv.gov

*Attorney for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW JERSEY:

JENNIFER DAVENPORT
Attorney General of New Jersey

*/s/ Ana Atta-Alla*
Ana Atta-Alla (*pro hac vice* forthcoming)
Deputy Attorney General
State of New Jersey
Office of the Attorney General

13

Division of Law
124 Halsey Street – 5th Floor
Newark, NJ 07102
Telephone: (973) 648-6835
Email: Ana.Atta-Alla@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE OF NEW MEXICO:

Raúl Torrez
Attorney General of New Mexico

*/s/ Amanda Butler*
Amanda Butler (*pro hac vice* pending)
Senior Counsel
Kalista M. Wilson (*pro hac vice* forthcoming)
Assistant Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4060
Fax: (505) 318-1050
Email: KWilson@nmdoj.gov

*Attorneys for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OF NEW YORK:

LETITIA JAMES
Attorney General of New York

*/s/ Elinor R. Hoffman*
Elinor R. Hoffman (*pro hac vice* forthcoming)
Chief, Antitrust Bureau
Amy McFarlane (*pro hac vice* forthcoming)
Deputy Chief, Antitrust Bureau
Pratik Agarwal (*pro hac vice* pending)
Morgan Feder (*pro hac vice* forthcoming)
C. William Margrabe (*pro hac vice* pending)
Assistant Attorneys General
Jaya Mantovani (*pro hac vice* forthcoming)
Attorney General Fellow
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8269
Email: Elinor.Hoffman@ag.ny.gov

14

*Attorneys for Plaintiff State of New York*

FOR PLAINTIFF STATE OF OREGON:

DAN RAYFIELD
Attorney General of Oregon

*/s/ Ian Van Loh*
Timothy D. Smith (*pro hac vice* pending)
Attorney-in-Charge
Ian Van Loh (SBN 280254)
Alex DeLorenzo (*pro hac vice* pending)
Senior Assistant Attorneys General
Economic Justice Section
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 798-3297
Telephone: (971) 239-7457
Telephone: (503) 428-9482
Email: tim.smith@doj.oregon.gov
Email: ian.vanloh@doj.oregon.gov
Email: alex.delorenzo@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*


FOR PLAINTIFF STATE OF WASHINGTON:

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Christina M. Black*
Jonathan A. Mark (*pro hac vice* pending)
Division Chief, Antitrust Division
Christina M. Black (SBN 300081)
Brooke H. Lovrovich (*pro hac vice* pending)
Assistant Attorneys General
800 Fifth Avenue, Suite 200
Seattle, WA 98104-3188
Telephone: (206) 464-7744
Fax: (206) 464-6451
Email: Jonathan.Mark@atg.wa.gov
        Christina.Black@atg.wa.gov
        Brooke.Lovrovich@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

15

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of document attests that the concurrence in the filing of this document has been obtained from the signatories above.


Dated: July 15, 2026                                    By: */s/ Jeffrey L. Kessler*
                                                              Jeffrey L. Kessler

16