Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 14th Floor
San Francisco, CA 94104
Tel:  (415) 434-8900
Fax:  (415) 434-9200
Email:  jmalioto@aliotolaw.com


Ronald D. Foreman, Esq. (SBN 61148)
Ian A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Telephone:  (415) 433-3475
Facsimile:  (415) 781-8030
Email:  foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiffs Pamela Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY,<br><br>    Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>    Defendants. | Case No. 4:26-cv-03790-AMO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO SET CASE MANAGEMENT CONFERENCE AND FOR ENTRY OF A RULE 16 SCHEDULING ORDER**<br><br>**Judge:** Hon. Araceli Martínez-Olguín<br>**Hearing Date:** September 3, 2026<br>**Hearing Time:** 2:00 p.m.<br>**Courtroom:** Courtroom 3, 3rd Floor<br>**Location:** Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, California 94612 |

## I.    INTRODUCTION

Plaintiffs move this Court to convene an in-person case management conference under Federal Rule of Civil Procedure 16 to establish a schedule for the prosecution of this case. This Court *sua sponte* vacated the previously scheduled case management conference when it related this action to the States and Writers Guild lawsuits. At the same time, this Court expressly declined to consolidate the cases. No replacement Rule 16 conference has been scheduled, although Rule 16(b)(2) directs that a scheduling order be issued as soon as practicable and, absent good cause for delay, within 60 days after a defendant appears.

The proposed Paramount-Warner Bros. transaction, which is the subject of the related States and Writers Guild actions, is now subject to this Court's stipulated order preventing the transaction from closing and preventing the parties from integrating their operations. The States and Writers Guild actions are proceeding toward a merits determination, subject to a June 1, 2027, outside date. Plaintiffs seek the same fundamental relief pursued in those related actions: an order preventing the proposed Paramount-Warner Bros. transaction from violating Section 7 of the Clayton Act. Their claims therefore substantially overlap with those actions and may be coordinated with them. Plaintiffs also assert additional claims and injuries not fully encompassed by the related cases, including claims arising from the completed Paramount-Skydance acquisition, a request for divestiture, and alleged substantial lessening of competition in the direct-to-consumer streaming and national television news markets.

As established by Congress and the Supreme Court, these plaintiffs have legal rights that are separate and apart from the public interests of the States. The Rule 16 case management conference sought in this motion is supported by the 2015 Amendments to the Federal Rules of Civil Procedure, this Court's Standing Order for civil cases, and the Rules of the Ninth Circuit Judicial Council, all of which mandate the expeditious prosecution of cases. Plaintiffs' request for an in-person Rule 16 case management conference is appropriate and is supported by the requisite authorities. What is needed now is a defined procedural path forward and a scheduling order for this case.

**MPA ISO Motion to Set CMC & for Entry**                                                      **CASE NO. 4:26-cv-03790-AMO**
**of Rule 16 Scheduling Order**

## II.    PROCEDURAL BACKGROUND

Plaintiffs filed this action on April 30, 2026, following the shareholder vote approving the proposed transaction. Dkt. No. 1. The Court initially set a case management conference for July 30, 2026, and later continued it to August 27, 2026. Dkt. Nos. 8, 54. On May 21, 2026, Defendants filed their notice of appearance. Dkt. Nos. 13, 14.

On July 15, 2026, the Court related this action to the States and Writers Guild actions. Dkt. No. 63. The Court found that the actions concern the same proposed transaction and that relation would promote judicial economy and reduce duplication. It vacated all scheduled case management conferences. No replacement conference has been set.

On July 24, 2026, the Court entered a stipulated order in the States and Writers Guild actions preventing the transaction from closing or the parties from integrating their operations until the earlier of five days after a merits determination in those actions or June 1, 2027. Dkt. No. 77.

Regarding a potential trial date, it has been reported that Paramount seeks a trial in November 2026. Plaintiffs agree that this action should proceed to trial on that schedule.

## III.    ARGUMENT

### A.  Rule 16 Calls for a Scheduling Order or an Express Case-Management Determination

Rule 16(b)(2) provides that "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Defendants formally appeared on May 21, 2026. The 60-day period expired on July 20, 2026. No scheduling order has been entered.

Rule 16 contemplates an affirmative case-management determination. The July 24 order makes such a determination practicable. There is no longer a pending emergency motion requiring the Court and the parties to proceed on an accelerated TRO or preliminary-injunction schedule. The transaction is preserved while the related actions move toward trial.

MPA ISO Motion to Set CMC & for Entry                                   CASE NO. 4:26-cv-03790-AMO
of Rule 16 Scheduling Order

**B. Relation Permits Coordination but Does Not Supply a Schedule for Plaintiffs' Additional Claims**

Plaintiffs seek the same fundamental relief pursued in the related States and Writers Guild actions with respect to the proposed transaction. Plaintiffs also assert claims arising from the completed Paramount-Skydance acquisition, seek divestiture or other relief directed to that transaction, and allege a substantial lessening of competition in direct-to-consumer streaming and national television news, in addition to theatrical film distribution. Those additional claims require a schedule addressing the discovery and proceedings necessary to adjudicate them.

Private enforcement supplements governmental enforcement, which is directed to protection of the public interest. *United States v. Borden Co.*, 347 U.S. 514, 518 (1954) (private and public actions were designed to be cumulative, not mutually exclusive). Private parties remain free to enforce their own rights notwithstanding related government antitrust litigation. *Sam Fox Publishing Co. v. United States*, 366 U.S. 683, 689-90 (1961) ("[W]e need not reach the question of the adequacy of the Government's representation of the appellants' interests because, as hereafter shown, it is in any event clear that appellants are not bound by the consent judgment in these proceedings.").

Section 16 accordingly preserves a distinct private avenue for injunctive relief against threatened antitrust injury. *California v. American Stores Co.*, 495 U.S. 271, 284-85 (1990). Here, Plaintiffs seek to protect consumers from alleged higher subscription prices, reduced choice, and lessened competition in markets that are not addressed in the States' action.

The completed Paramount-Skydance transaction has already produced evidence relevant to Plaintiffs' Section 7 claims. Plaintiffs allege that Paramount increased the prices of its Paramount+ subscriptions shortly after the transaction closed. The 2023 Merger Guidelines state that evidence of observed post-merger price increases or worsened terms is given *substantial weight* in evaluating consummated mergers. 2023 Merger Guidelines § 4.1. Unlike the economic-policy framework reflected in the 1982 Guidelines, the 2023 Guidelines expressly ground their analysis in the text of Section 7 and the Supreme Court decisions interpreting it.

MPA ISO Motion to Set CMC & for Entry                                    CASE NO. 4:26-cv-03790-AMO
of Rule 16 Scheduling Order

Discovery concerning the timing, purpose, and competitive basis for the Paramount+ price increase may bear on the effects of the completed transaction, Paramount's market power, the elimination of competitive constraints, and the likely effects of the proposed Warner Bros. transaction. Plaintiffs should not be required to depend on records developed in related actions that focus on different markets and injuries. Prompt Rule 16 management is necessary to determine how that discovery will proceed and how it may be coordinated without impairing Plaintiffs' ability to pursue their consumer claims.

A Rule 16 conference will permit the Court to coordinate genuinely overlapping matters while identifying the discovery and proceedings necessary for Plaintiffs' separate claims. That is the practical purpose of relation. Relation should avoid duplication, not leave one action without a schedule.

### C. A Case Management Conference Will Permit Efficient Coordination With the Related Actions

The States and Writers Guild are now developing merits schedules. This is the appropriate time to determine whether overlapping productions, witnesses, and depositions should be coordinated across the actions. Without a conference, discovery may proceed in the related cases without accounting for Plaintiffs' distinct markets and consumer injuries. That could later require duplicative discovery or leave Plaintiffs with a record that does not address their claims.

A prompt Rule 16 conference would allow the Court to identify the areas of actual overlap, establish procedures for sharing discovery, and preserve separate discovery where the actions diverge.

Defendants have already provided the States with extensive transaction-related discovery, as detailed in the letter attached as Exhibit 2 to the Kessler declaration. Those existing productions make coordinated discovery practicable and reduce the burden of moving this action toward trial. However, without a schedule governing shared productions and coordinated discovery, Plaintiffs remain excluded from the proceedings in the related actions while

Defendants and the other plaintiffs develop the evidentiary record concerning the same transaction.

## IV.    REQUESTED RELIEF

Plaintiffs respectfully request that the Court set an in-person case management conference and direct the parties to file a joint case management statement addressing the coordination of discovery with the related actions, and a proposed schedule for discovery, dispositive motions, and trial. Plaintiffs further request that the Court issue an appropriate scheduling order under Rule 16(b).

## V.    CONCLUSION

The emergency proceedings in the related actions have ended, and the *status quo ante* is preserved while those cases proceed toward trial. This action, however, remains without a case management conference or a scheduling order. Defendants appeared more than 60 days ago. Plaintiffs therefore move this Court to set an in-person case management conference and establish a procedural schedule for the further prosecution of this case and a trial date.

DATED: July 28, 2026                                    ALIOTO LAW FIRM


                                                         /s/ Joseph M. Alioto
                                                         Joseph M. Alioto, Esq.
                                                         Tatiana V. Wallace, Esq.
                                                         Attorneys for Plaintiffs


                                                         FOREMAN & BRASSO


                                                          /s/ Ian A. Hansen
                                                         Ronald D. Foreman, Esq.
                                                         Ian A. Hansen, Esq.
                                                         Attorneys for Plaintiffs