UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAMELA FAUST, et al.,

Plaintiffs,

v.

PARAMOUNT SKYDANCE CORPORATION, et al.,

Defendants.

Case No. 26-cv-03790-AMO

**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

Re: Dkt. No. 80

Before the Court is Plaintiffs' motion for leave to file a motion for reconsideration, filed pursuant to Civil Local Rule 7-9. Plaintiffs seek to file a motion for reconsideration regarding the Court's order granting Defendants' motion to dismiss, with which the Court assumes familiarity for purposes of this Order. *See* Dkt. No. 79. Recognizing that "[r]econsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources[,]' " the Court rejects Plaintiffs' motion for two reasons. *Gamevice, Inc. v. Nintendo Co.*, 677 F. Supp. 3d 1069, 1071 (N.D. Cal. 2023) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)); *see also id.* at 1071 (noting further that reconsideration "should not be granted 'absent highly unusual circumstances.' " (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)). First, the motion for leave to file a motion for reconsideration is now moot in light of Plaintiffs' First Amended Complaint – any motion seeking reconsideration of the Court's order granting the motion to dismiss would not consider the now-operative pleading. *See* Dkt. No. 81. Second, the arguments raised by Plaintiffs in support of their request to file a motion for reconsideration are better dealt with in the context of any motion

//

//

to dismiss the First Amended Complaint instead of through briefing related to a now-inoperative pleading. For both these reasons, the Court **DENIES** Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: August 18, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**