Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 14th Floor
San Francisco, CA 94104
Tel: (415) 434-8900
Fax: (415) 434-9200
Email: jmalioto@aliotolaw.com

Ronald D. Foreman, Esq. (SBN 61148)
Ian. A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Telephone: (415) 433-3475
Facsimile: (415) 781-8030
Email: foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiffs Pamela Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY,<br><br>Plaintiffs,<br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,<br><br>Defendants. | Case No. 4:26-cv-03790-AMO<br><br>**PLAINTIFFS' EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER PRESERVING STATUS QUO** |

Plaintiffs respectfully request an immediate temporary restraining order prohibiting Defendants to "close, consummate, and otherwise complete the transaction" (the proposed acquisition of Warner Bros. Discovery) for the brief period necessary for the Court to consider Plaintiffs' renewed motion for preliminary injunction and/or trial.

The need for emergency relief arose today. In the related actions, the settling parties have requested immediate entry of judgment and dissolution of the existing Stipulation and Order Not to Close. In their motion at page three, they stated "In light of the parties agreement to resolve the claims of plaintiff states and request to enter the consent decree, the parties request that <u>upon entry of the Consent Decree</u>, the Court dissolve the No-Close Order entered on July 24, 2026, ECF 170, <u>such that Paramount and Warner Brothers may close, consummate, and otherwise complete the transaction as defined in that No-Close Order.</u>" *Joint Motion to Enter Consent Decree and Dissolve Stipulation and Order Not to Close*, ECF 243 at pg 3, line 18-21. (emphasis added.)

In addition, Paramount has publicly represented that all conditions to closing have been satisfied and that Paramount and Warner Bros. Discovery "could and would close today" but for the existing restraint. If that restraint is dissolved, the transaction therefore may be consummated before Plaintiffs can present the materially expanded evidentiary record that has developed since their prior request for preliminary relief.

If in fact the Court signed the Consent Decree and specifically allowed the Defendants to "close, consummate and otherwise complete the transaction" as defined in that No-Close Order. It would be manifest irreperrable injury, changing the Plaintiffs case from an injunction prohibiting the unlawful combination to a case of divestiture requiring lengthy litigation to unwind the unlawful combination. Consequently, the Plaintiffs submit that this Court either

continue the “No-Close Order” or enter a new Temporary Restraining Order pending Plaintiffs’ motion for a Preliminary Injunction and/or Trial after limited discovery.

The present record is not the record previously considered by the Court, especially considering the admissions made by the Chief Executive Officer of Paramount Skydance Corp. delineating relevant markets and their percentages and conceding that the audiences who pay to watch movies, who pay for subscriptions, and even simply watch TV determine the success or failure of any production company.

First, this Court subsequently considered the States’ evidentiary record concerning the same transaction and found that the States had raised “serious questions” concerning the merits of their Section 7 claim and made a “strong showing that the Transaction will substantially lessen competition.” *California v. Paramount Skydance Corp.*, No. 4:26-cv-07116-AMO, Dkt. 141 at 6-8 (N.D. Cal. July 20, 2026). The Court further found that consummation would be difficult, if not impossible, to unwind because of anticipated operational consolidation, sharing of competitively sensitive information, and personnel changes. *Id.* at 7.

Second, subsequent public disclosures materially strengthen Plaintiffs’ direct-to-consumer case. Paramount has itself identified ParamountSkydance and HBO Max as competing subscription-streaming services and has relied upon market data placing ParamountSkydance at approximately 9% and HBO Max at approximately 12% of the SVOD market, approximately 21% combined. Paramount has further argued publicly that competition among subscription-streaming services restrains consumer prices.

Third, the companies’ August 2026 public filings establish that these are substantial and independently growing streaming competitors. Paramount reported 81.6 million ParamountSkydance Corporation subscribers, approximately 12% year-over-year growth in

average revenue per user, and approximately 16% growth in Paramount Skydance Corp. revenue. Warner Bros. Discovery had already exceeded 140 million streaming subscribers and reported continued subscriber growth, approximately 10% growth in subscriber-related revenue, and approximately 63% growth in streaming EBITDA. The proposed transaction therefore places businesses representing more than 221 million streaming subscriptions under common control, even before accounting for Warner Bros. Discovery's additional second-quarter subscriber growth.

Fourth, Paramount's post-ruling disclosures acknowledged that Paramount and Warner Bros. Discovery together account for nearly 20% of American television viewing time. Paramount has also disclosed plans to consolidate streaming technology and operations and obtain more than $6 billion in merger synergies, approximately 70% of which it expects to realize within two years. Those synergies, like most synergies in merger cases, are the savings attributed to the firing of personnel, closing competitive studios and plants and combining overlap facilities that were needed for competition.

Of course, the Plaintiffs' were the first to file any challenge to the proposed acquisiton of Warner Brothers, but also challenged the acquisition of SkyDance buying Paramount Skydance Corp., and the real substantial threat of control of significant media including CBS, CNN, and their important influential programs such as 60 Minutes. In addition, the combination of HBO Max and Paramount Skydance Corp. can readily expect a price increase in subscriptions just as SkyDance did when it purchased Paramount.

Some of these facts were not before the Court when Plaintiffs' earlier request for preliminary relief was considered. They bear directly on market definition, the existing competitive relationship between Paramount Skydance Corp. and HBO Max, market

concentration, consumer price competition, competitive effects, and the practical consequences of common control.

Immediate relief is necessary because, absent a short preservation order, there may be no opportunity to present this evidence before the transaction closes. The Court has already recognized in the related action that once these companies begin consolidating operations, "it will be too late to preserve competition if no preliminary injunction has issued." ECF 141 at 7 (quoting *FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327, 352-53 (3d Cir. 2016)). Of course, the Supreme Court has consistently encouraged private parties to bring suit notwithstanding what the government may or may not do in order to ensure that competition, rather than combination, is the system of trade in the United States.

Plaintiffs therefore respectfully request that the Court temporarily restrain Defendants from consummating the transaction or commencing integration for at least ten (10) days, or until the Court can hear Plaintiffs' renewed motion for preliminary injunction, whichever occurs first. Plaintiffs further request an expedited schedule permitting submission of the renewed motion and supporting evidence within 48 hours.

DATED: September 21, 2026

ALIOTO LAW FIRM

*/s/ Joseph M. Alioto*
Joseph M. Alioto, Esq.
Tatiana V. Wallace, Esq.
Attorneys for Plaintiffs

FOREMAN & BRASSO

*/s/ Ronald D. Foreman*
Ronald D. Foreman, Esq.
Ian. A. Hansen, Esq.
Attorneys for Plaintiffs