Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

*Attorneys for Defendants Paramount Skydance Corporation and Skydance Media, LLC*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

PAMELA FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY

Plaintiffs,

vs.

PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and SKYDANCE MEDIA, LLC,

Defendants.

Case No. 4:26-cv-03790-AMO

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER**

The Plaintiffs in this case now stand alone in challenging the Paramount-WBD merger. But they have no Article III or antitrust standing to pursue their claims, and they have not submitted a single piece of evidence—expert or otherwise—to support their motion for a TRO. These are the same fatal defects that caused the Court to previously deny Plaintiffs' request for preliminary relief from the bench. Hr'g Tr. at 26:1–26:16 (July 16, 2026) ("[A] preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief. Here, plaintiffs fail to meet that standard."). "A TRO is an 'extraordinary and drastic remedy,'" *Reyna v. Walt Disney Co.*, 2026 WL 1785119, at *1 (N.D. Cal. June 22, 2026), and Plaintiffs must make a clear showing of their likelihood of success to warrant such extraordinary relief. *Roe v. Critchfield*, 137 F.4th 912, 922 (9th Cir. 2025). Plaintiffs make no such showing here, and therefore their motion should be denied.

*First*, to obtain preliminary relief, Plaintiffs bear the burden to make a "clear showing of each element of standing." *Washington v. Trump*, 847 F.3d 1151, 1159 (9th Cir. 2017). Ignoring this burden, Plaintiffs have made *no showing* of standing at all. This is fatal. The Court previously dismissed Plaintiffs' Complaint due to these same defects. *See* ECF No. 79 ("MTD Order"). And, Defendants have demonstrated that Plaintiffs lack Article III or antitrust standing to bring their First Amended Complaint ("FAC") because: (1) they allege no injury-in-fact that is fairly traceable to either challenged merger, (2) they are neither customers nor competitors of Defendants in any of their alleged markets, and (3) they seek to vindicate non-economic political complaints that the antitrust laws were not designed to protect. *See* ECF No. 87 at 4–12; ECF No. 91 at 2–8. This lack of standing is especially pronounced for Plaintiffs' motion to enjoin the Paramount-WBD merger because the "only . . . concrete and particularized injury" Plaintiffs allege—a single Paramount+ price increase in January 2026, *see* MTD Order at 4, took place before the Paramount-WBD merger agreement was even signed, *see* ECF No. 87 at 4 n.1. Preliminary relief to enjoin a merger cannot be granted to individuals without any standing to bring such a claim.

*Second*, Plaintiffs have not shown a likelihood of success on the merits, which "is a threshold inquiry," such that "[i]n the absence of 'serious questions going to the merits,'" the court "need not consider the other [TRO] factors." *Roe*, 137 F.4th at 922. Plaintiffs have once again "failed to submit a single item of evidence in support of" their request for extraordinary relief, Hr'g Tr. at 5:13–15 (July 16, 2026), instead relying only on their unverified (and deficient) complaint allegations and attorney

argument. This failure to offer any "evidentiary support" dooms their motion. *See*, *e.g.*, *Fry v. Capital One Fin. Corp.*, 2025 WL 1397163, at *3 (N.D. Cal. May 14, 2025); *Shaterian v. Wells Fargo Bank, Nat'l Ass'n*, 2011 WL 2314151, at *4 (N.D. Cal. June 10, 2011) ("[P]laintiff may not support a motion for a preliminary injunction by merely pointing to his complaint and the facts alleged therein."); *see also Washington*, 847 F.3d at 1159 n.3 ("[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'"). In the absence of any factual support (economic or otherwise) or expert testimony, Plaintiffs have not come close to meeting their burden to demonstrate a likelihood of success. *See*, *e.g.*, *St. Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 785 (9th Cir. 2015) (Section 7 plaintiff must "prove[] that the merger will probably lead to anticompetitive effects in [the relevant] market."). Indeed, even if Plaintiffs' unverified allegations were considered as evidence (they should not be), they fail even to state a claim, let alone to clearly demonstrate a likelihood of success on the merits. *See* ECF No. 87 at 12–21; ECF No. 91 at 9–15.

Plaintiffs assert that they have a "materially expanded evidentiary record" in support of their claims, ECF No. 92 ("Mot.") at 2, but this is false. The only "new" evidence they reference in their brief is recent public statements by Paramount and its CEO, David Ellison, that lend no support to their claims. *See id*. As Defendants have demonstrated, the *New York Times* guest essay by Mr. Ellison explains why the Paramount-WBD merger will *enhance* competition and *increase* output "because making more is the whole point of the company we are building." ECF No. 80-2 at 2. And the other statements they reference about the combined firm having 20% of video on-demand viewing—but only if YouTube is not counted—do nothing to show a likely substantial lessening of competition in any of the three markets Plaintiffs have alleged. *See* ECF No. 91 at 8–9.

Nor can Plaintiffs find any support for their motion from the Court's prior conclusions about "the States' evidentiary record" in support of their TRO request. Mot. at 3. Here, Plaintiffs allege markets that are different than the ones the State Plaintiffs alleged, rendering the factual and expert evidence offered by the States inapplicable to this action. The State Plaintiffs alleged two distribution markets related to theatrical film in which the customers are movie theaters, *see State of California, et al. v. Paramount Skydance Corp., et al.*, No. 4:26-cv-07116 (July 13, 2026), ECF No. 6-4 ¶¶ 36–61, whereas the Plaintiffs here allege a different consumer-facing theatrical film market, ECF No. 81 ("FAC") ¶¶ 112–134. The

State Plaintiffs also alleged a market for basic cable channels in which television distributors are the customers, *California*, ECF No. 6-4 ¶¶ 62–68, whereas the Plaintiffs here allege a consumer-facing television news market and a consumer-facing streaming market that were not alleged by the States. FAC ¶¶ 92–111. As a result of these different market allegations, the evidence the State Plaintiffs submitted in seeking a TRO is no help to Plaintiffs in satisfying their independent burden to clearly show a likelihood of success on the merits of their claims.[1] No case in history has ever enjoined a merger in a situation like this, where the plaintiffs have failed to come forward with any evidentiary or expert showing to demonstrate a likelihood of success.

*Third*, for the same reasons Plaintiffs fail to establish their standing to sue, they have failed to make a "clear showing" of any injury at all, let alone a showing that Plaintiffs are "likely to suffer irreparable harm" without injunctive relief. *Roe*, 137 F.4th at 922. To meet this burden, Plaintiffs must do more than "merely allege" an irreparable injury; they must "*demonstrate*" it. *DeMartini v. Microsoft Corp.*, 2023 WL 3569993, at *2 (N.D. Cal. May 19, 2023) (emphasis in original). Plaintiffs give emphasis to "the transaction clos[ing]," Mot. at 5, but this prospect does not relieve Plaintiffs of their burden to show how such a closing will cause them specific and identifiable irreparable harm. *See*, *e.g.*, *Demartini v. Microsoft Corp.*, 662 F. Supp. 3d 1055, 1065 (N.D. Cal. 2023) ("Merely alleging the elimination of a rival does not plausibly support an inference of an appreciable danger of anticompetitive effects in a relevant market.").

*Fourth*, though the Court need not reach the balancing of equities because of Plaintiffs' complete failure to establish standing, a likelihood of success on the merits, or irreparable harm, *see*, *e.g.*, *Malaney v. UAL Corp.*, 2010 WL 3790296, at *14 (N.D. Cal. Sept. 27, 2010), the gargantuan harm an injunction would inflict on Defendants from a delayed closing of the merger—now that all requirements to close have been satisfied and all legal barriers have been removed—would significantly outweigh any conceivable harm to these individual Plaintiffs if their requested relief is denied. As Defendants have previously shown, delaying the merger's closing past September 30, 2026—a mere eight days from now—would require Paramount to pay nearly $7 million per day to Warner Bros.' shareholders through closing.

[1] Nor can Plaintiffs find any support in the WGA's Motion for a Preliminary Injunction, which was directed at labor markets for screenwriters that appear nowhere in Plaintiffs' FAC. *See WGA, West, Inc., et al. v. Paramount Skydance Corp., et al.*, No. 4:26-cv-07212 (July 22, 2026), ECF No. 58 at 20–23.

*See* ECF No. 33 at 23–24. Delay would also impose continued carrying costs on Paramount and, if the delay lasts long enough, it could scuttle the merger altogether. *See id*. Because Plaintiffs have failed to present any evidence that they would suffer any concrete, personal harm from the merger, there is no equity on Plaintiffs' side of the ledger for the Court to balance. *See Malaney*, 2010 WL 3790296, at *13.

*Finally*, if the Court were to issue a TRO (which, respectfully, it should not), the Court would have to order Plaintiffs to obtain a very significant bond in light of the substantial costs that Paramount would incur if the merger is delayed. Both the Clayton Act and the Federal Rules of Civil Procedure require Plaintiffs to provide adequate security to obtain preliminary relief. *See* 15 U.S.C. § 26 (requiring "execution of a proper bond"); Fed. R. Civ. P. 65(c) (requiring one seeking "a temporary restraining order" to "give[] security . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). Such security should be in "an amount sufficient to cover defendant's incidental and consequential costs arising from the injunction." *Sony Computer Ent. Inc. v. Connectix Corp.*, 48 F. Supp. 2d 1212, 1224 (N.D. Cal. 1999), *rev'd on other grounds*, 203 F.3d 596 (9th Cir. 2000); *see also Steves & Sons, Inc. v. JELD-WEN, Inc.*, 2020 WL 2312030, at *6 (E.D. Va. May 8, 2020) (same in merger context). Here, the law would require that if a TRO is granted, Plaintiffs must, at the very least, post a bond that would "cover" any ticking fee payments Paramount would need to make while any TRO is pending because such payments would be "incidental and consequential costs arising from the injunction." *Sony*, 48 F. Supp. 2d at 1224; *see also*, *e.g.*, *Illumina, Inc. v. Qiagen, N.V.*, 207 F. Supp. 3d 1081, 1095 (N.D. Cal. 2016) ($20 million bond required); *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1384 (Fed. Cir. 2006) ($400 million bond).

## **CONCLUSION**

For all the reasons set forth above, the Court should deny Plaintiffs' Emergency Application for a Temporary Restraining Order. The motion here fails on its face because Plaintiffs have no Article III or antitrust standing, they have made no factual or expert showing of a likelihood of success, they cannot show irreparable harm personal to them, and the balance of equities decisively favors the denial of an injunction against this merger, which has cleared every regulatory approval required around the globe, and which promises to provide tremendous competitive benefits to theaters, talent, workers, distributors and consumers once it is permitted to proceed.

Dated: September 22, 2026

Respectfully submitted,

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

Marguerite Sullivan (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com

Hanna Nunez Tse (SBN 346510)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
hanna.nuneztse@lw.com

*Attorneys for Defendants Paramount Skydance Corporation and Skydance Media, LLC*