United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAMELA FAUST, et al.,

Plaintiffs,

v.

PARAMOUNT SKYDANCE CORPORATION, et al.,

Defendants.

Case No. 26-cv-03790-AMO

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 92

Before the Court is a motion for temporary restraining order ("TRO") from Plaintiffs Pamela Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky. Plaintiffs request a TRO enjoining Defendants from closing, consummating, or otherwise completing one of the two merger transactions underlying this lawsuit, Defendant Paramount Skydance Corporation's proposed acquisition of Warner Bros. Discovery. The motion follows the Court's earlier consideration and rejection of Plaintiffs' motion for preliminary injunction seeking similar relief. *See* Dkt. Nos. 12 & 69.

To obtain the extraordinary remedy of preliminary injunctive relief, such as the TRO sought here, the moving party must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief, (3) the balance of equities tips in the favor of the moving party, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam).

The Court weighed the *Winter* factors in addressing Plaintiffs' motion for preliminary injunction. The Court denied the motion because Plaintiffs did not offer any evidence in support

United States District Court
Northern District of California

of their request for extraordinary relief, which fell far short of the "clear showing" necessary to support each relevant preliminary injunction factor. *See* Hrg. Tr. (Dkt. No. 74). Plaintiffs again fail to proffer any evidence in support of the extraordinary relief requested in the instant submission. *See generally* Dkt. No. 92; *cf.* Civil L.R. 7-5. Plaintiffs rely on evidence and legal analysis from a separate case, which alleges different antitrust markets inapplicable in this case. *See, e.g.*, Dkt. No. 92 at 3 (citing *California v. Paramount Skydance Corp.*, No. 4:26-cv-07116-AMO, Dkt. No. 141 at 6-8 (N.D. Cal. July 20, 2026)). Evidence used in one antitrust case does not automatically apply with equal import in another antitrust case just as one party's success does not bear on these Plaintiffs' likelihood of success. And absent any evidence proffered in support of preliminary injunctive relief in this case, Plaintiffs are left with nothing more than allegations of antitrust violations and harm, which do not suffice for the extraordinary relief sought. *See Demartini v. Microsoft Corp.*, 662 F. Supp. 3d 1055, 1065 (N.D. Cal. 2023) ("Merely alleging the elimination of a rival does not plausibly support an inference of an appreciable danger of anticompetitive effects in a relevant market."). Moreover, Plaintiffs' likelihood of success remains unclear given the serious concerns regarding Plaintiffs' standing as identified in the Court's order granting Defendant's motion to dismiss, Dkt. No. 79 at 4-9, and renewed in Defendant's pending motion to dismiss the amended complaint, Dkt. No. 87 at 13-21. Thus, Plaintiffs do not meet the "clear showing" necessary to obtain preliminary injunctive relief. *See Winter*, 555 U.S. at 22; *Leiva-Perez*, 640 F.3d at 966.

The Court therefore **DENIES** Plaintiffs' motion for TRO. In light of Plaintiffs' repeated failures to advance any evidence in support of their motions for preliminary relief in this case to date, the Court cautions Plaintiffs that future motions for TRO or preliminary injunction submitted without evidentiary support will face summary denial.

**IT IS SO ORDERED.**

Dated: September 30, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**